### IDAHO NORLAND CORPORATION, Plaintiff,

v.

### CAELTER INDUSTRIES, INC., a Corporation, and D.G. Higgins, Defendants.

Civ. A. No. 80–C–1008.

United States District Court, D. Colorado.

March 12, 1981.

David Bryans and Patricia Schaeffer, Gavend, Sullivan & Bryans, Denver, Colo., for plaintiff.

Peter M. Sussman and Jon S. Nicholls, Erickson, Holmes, Nicholls, Kusic & Sussman, Denver, Colo., for defendants.

### MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

THIS MATTER is before the Court on the defendants' motion for partial summary judgment. They argue that the plaintiff's Second through Seventh Claims for relief, and part of its Ninth Claim for relief, are barred by the statute of limitations. Plaintiff disputes this contention. Both parties have submitted briefs and have presented oral argument.

---

## I.

The only issue is which Colorado statute of limitations applies to the plaintiff's claims. Plaintiff's claims allege torts in the nature of trade libel or produce disparagement. The late Dean Prosser grouped such torts, as well as slander of title, under the name "injurious falsehood." Prosser, *The Law of Torts*, 916 (4th ed. 1971) ("*Prosser*"). Defendants contend that these torts, however described, are limited by Colorado's one-year statute governing libel and slander. See § 13–80–102, C.R.S.1973. If this one-year limitation applies, most of the plaintiff's claims would be time-barred. Plaintiff argues that trade libel is different from personal defamation, and, therefore, Section 13–80–102 does not apply to bar its claims.

The Colorado courts have not ruled on this issue. The closest case is *Bush v. McMann*, 12 Colo.App. 504, 55 P. 956 (1899). Aside from the question of whether that octogenarian precedent has survived the intervening four score years of development in legal thinking regarding the differences between business disparagement and personal defamation, the case is not really in point. It is not at all clear whether the *Bush* court intended to characterize the plaintiff's claims there as personal defamation or as trade libel.[1] In the absence of controlling state law, this Court must try to predict how the Colorado Supreme Court would rule if faced with this question.

There is a split of authority among those jurisdictions which have ruled on the question. A slim majority of state courts have applied a libel-and-slander statute of limitations to trade libel and business disparagement claims.[2] At least three federal district courts have also taken this tack in the absence of controlling state precedent.[3] Four states, however, have refused to hold that trade libel, slander of title, or product disparagement claims are barred by a libel-and-slander statute.[4] The Ninth Circuit, discussing California law, has also refused to apply a libel-and-slander statute of limitations to slander of title claims.[5]

In summary, the cases reveal no overwhelming majority rule, nor any clear trend one way or the other. This Court believes that the Colorado courts would find most persuasive the rule and reasoning exemplified by *Vaccaro Construction Co. v. A. J. Depace, Inc.*, 137 N.J.Super. 512, 349 A.2d 570 (1970). Although the *Vaccaro* court was able to rely, in part, on earlier decisions in New Jersey, it discussed the differences between personal defamation and trade libel, borrowing heavily from Dean Prosser's writings.

Trade libel and product disparagement are injurious falsehoods that interfere with business. Unlike classic defamation, they are not directed at the plaintiff's personal reputation, but rather at the goods a plaintiff sells or the character of his or her business, as such. *See Prosser* at 916–918.

1. *Bush* involved a claim for libel arising from an allegedly false statement by the defendant that the plaintiff had made no arrangements to pay rent. The alleged result of this statement was foreclosure by a third party of its mortgage on the plaintiff's business fixtures. The facts, and the court's discussion of the law, seem to indicate that the case was dismissed for failure to plead extrinsic facts or causation in a personal defamation case.

2. *Gee v. Pima County*, 126 Ariz. 116, 612 P.2d 1079 (1980); *Old Plantation Corp. v. Maule Indus.*, 68 So.2d 180 (Fla.S.Ct.1953); *Norton v. Kanouff*, 165 Neb. 435, 86 N.W.2d 72 (1957); *Buehrer v. Provident Mut. Life Ins. Co.*, 123 Ohio St. 264, 175 N.E. 25 (1931); *Woodward v. Pacific Fruit and Produce Co.*, 165 Or. 250, 106 P.2d 1043 (1940).

3. *Scott Paper Co. v. Fort Howard Paper Co.*, 343 F.Supp. 229 (E.D.Wis.1972); *Lehigh Chemical Co. v. Celanese Corp. of America*, 278 F.Supp. 894 (D.Md.1968); *Carroll v. Warner Bros. Pictures*, 20 F.Supp. 405 (S.D.N.Y.1937).

4. *King v. Miller*, 35 Ga.App. 427, 133 S.E. 302 (1926); *Reliable Mfg. Co. v. Vaughn Novelty Mfg. Co.*, 294 Ill.App. 601, 13 N.E.2d 518 (1938) (abstract opin.), *see also Lase Co. v. Wein Prod., Inc.*, 357 F.Supp. 210 (N.D.Ill.1973); *Vaccaro Constr. Co. v. A. J. Depace, Inc.*, 137 N.J.Super. 512, 349 A.2d 570 (1975); *Brown v. Freehold Land Mortgage Co. of London*, 97 Tex. 599, 80 S.W. 985 (1904).

5. *Kirsch v. Barnes*, 263 F.2d 692 (9th Cir. 1959) (timber rights); *Howard v. Hudson*, 259 F.2d 29 (9th Cir. 1958) (real property).

Claims of trade libel and product disparagement protect economic relationships and fair competition. They are akin to private claims under the antitrust laws and other forms of trade regulation. The law of defamation, on the other hand, provides for "protection of private personality" and reflects "our basic concept of the essential dignity and worth of every human being—a concept at the root of any decent system of ordered liberty." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 341, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974), quoting *Rosenblatt v. Baer,* 383 U.S. 75, 92, 86 S.Ct. 669, 679, 15 L.Ed.2d 597 (1966) (Stewart, J., concurring).

This distinction is further reflected in the rule which permits recovery of damages for mental anguish and suffering in defamation cases, but denies such recovery in trade libel or product disparagement suits. *See generally Gertz,* 418 U.S. at 350, 94 S.Ct. at 3012; *Prosser* at 922.

For all these reasons, this Court is convinced that the Colorado courts would refuse to apply Colorado's one-year libel-and-slander statute of limitations to trade libel and product disparagement claims.

## II.

Since section 13–80–102 does not apply to the plaintiff's claims, this Court must decide which statute does apply. Prosser has taken the position that trade libel and product disparagement suits were in the nature of actions on the case under common law pleading. *Prosser* at 915. Section 13–80–110(g), C.R.S.1973, which governs all actions on the case except libel and slander, is therefore applicable. This statute provides a six-year limitations period. Since it is undisputed that all of the plaintiff's claims arose within six years prior to the date this action was filed, these claims are not barred by the statute of limitations. Defendants' motion for partial summary judgment must, therefore, be denied.

Accordingly,

IT IS ORDERED that the defendants' motion for partial summary judgment is denied.

DATED at Denver, Colorado, this 12th day of March, 1981.