[No. B015479. Second Dist., Div. Three. Jan. 9, 1986.]

GUESS, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
JEFF HAMILTON, INC., et al., Real Parties in Interest.

474

**COUNSEL**

Freedman, Tucker & Baum and Antonio R. Sarabia II for Petitioners.

No appearance for Respondent.

Skadden, Arps, Slate, Meagher & Flom, William A. Masterson and Jennifer J. King for Real Parties in Interest.

**OPINION**

**DANIELSON, J.**—Petitioners, defendants and cross-complainants Guess, Inc., Georges Marciano and Maurice Marciano (Guess) seek a writ of man-

date compelling the respondent superior court to grant their motion for summary adjudication on statute of limitations grounds on certain communications supporting a trade libel cause of action alleged in the complaint of the real parties in interest, plaintiffs and cross-defendants Jeff Hamilton, Inc. and Jeff Hamilton & Associates, Inc. (Hamilton). We deny the petition.

In this proceeding we rule that a cause of action based on trade libel is governed by the two-year period of limitations prescribed by section 339, subdivision 1, of the Code of Civil Procedure.

## FACTS

On December 6, 1984, Hamilton filed a complaint against Guess for declaratory relief, breach of contract, breach of implied covenant of good faith and fair dealing, trade libel, interference with prospective business advantage, interference with contract, and injunctive relief. Hamilton sought a declaration of the rights and duties of the parties under a license agreement whereby Hamilton acquired the right to design, manufacture, distribute, and sell men's sportswear bearing the Guess logo, alleging that Guess had interfered with Hamilton's conduct of its business pursuant to the agreement, in an effort to terminate the agreement and reacquire the right to market the designs developed by Hamilton at the latter's expense. Hamilton also sought an injunction restraining Guess from further interfering with its business, and for damages.

In its fourth cause of action for trade libel, Hamilton alleged, inter alia: "53. . . . [D]efendants willfully, knowingly, without justification, and without privilege communicated to other persons and entities in both oral and written form statements which stated and implied that Hamilton manufactured inferior goods, was not a rightful licensee, was using defendants' label without right or justification, was soon to be insolvent, and would be unable to pay its debts.

"54. Defendants' statements disparaged plaintiffs' reputation and their business goods in that the public and persons and entities which did business with plaintiffs were led to believe that plaintiffs' goods were inferior and unauthorized and that plaintiffs were bad credit risks.

"55. Defendants' statements were false and were known by defendants to be false.

"56. As a proximate result of defendants' publication of the false statements, retailers and other prospective customers have been deterred from buying Hamilton's goods and from otherwise dealing with Hamilton, banks

and other sources of credit have been unwilling to lend money to Hamilton, and shopping malls have been unwilling to lease retail outlets to Associates. Plaintiffs have suffered injury to their businesses and have sustained pecuniary loss . . . ."

Hamilton specifically alleged such communications by Guess with a bank loan officer, with James Talcott Factors, and with various subcontractors including Dosin Enterprises, Inc., El Paso, Lugo of California, Chung Dresses, and Vicky Lee.

In its motion for summary adjudication, Guess alleged that the statute of limitations had run on the trade libel cause of action as to the alleged communications between Guess and the bank loan officer, James Talcott Factors, El Paso and Lugo of California. In support of the motion, Guess offered the declaration and deposition testimony of Jeff Bohbot, president and sole shareholder of Jeff Hamilton, Inc., establishing that these communications occurred during or prior to November 1983, and were discovered by Hamilton in November 1983. Guess urged that the trade libel cause of action was barred with respect to these communications by the one-year statute of limitations set forth in subdivision (3) of Code of Civil Procedure section 340.[1]

The trial court determined that the statute of limitations for trade libel is two years under subdivision 1 of section 339, and denied the motion for summary adjudication.

### CONTENTIONS

Guess contends that the cause of action for trade libel is governed by the one-year statute of limitations imposed upon actions for "libel, slander, assault, battery, false imprisonment . . . ." (§ 340, subd. (3).)

Hamilton contends the trial court properly applied the two-year statute of limitations governing "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing. . . ." (§ 339, subd. 1.) In a supplemental letter brief, Hamilton also contends the petition should be dismissed because the issue has been rendered moot by the filing of Hamilton's first amended complaint on August 19, 1985.

### DISCUSSION

*The Petition Is Not Moot*

■ We deal first with Hamilton's contention that the petition is moot. Although Hamilton has not provided us with a copy of its first amended

---

[1]Unless otherwise specified, all sectional references are to the Code of Civil Procedure.

complaint, Guess has set forth the pertinent allegations of both the complaint and first amended complaint in a letter requesting that we proceed to address the issue. Assuming the allegations of the first amended complaint are as there set forth, Hamilton has again alleged trade libel in substantially the same terms as appeared in the original complaint. Hamilton's filing of the first amended complaint would not prevent the writ, if issued, from serving any useful purpose. We will therefore consider the substantive issue raised by the parties. (Cf. *Bruce* v. *Gregory* (1967) 65 Cal.2d 666, 671 [56 Cal.Rptr. 265, 423 P.2d 193].)

*The Statute of Limitations on Trade Libel Is Two Years (§ 339, subd. (1))*

The parties agree that it is not clear which of the above described limitation periods applies to causes of action for trade libel in this state. They also agree that there is a split of authority in other jurisdictions. Thus, Guess cites *Lehigh Chemical Co.* v. *Celanese Corp. of America* (D. Md. 1968) 278 F.Supp. 894, where the court observed that ". . . although there is authority to the contrary, actions for disparagement [of property] have been generally held to be governed by the statute of limitations applicable to ordinary actions for libel and slander. Annot., 131 A.L.R. 837 (1941); 53 C.J.S. Libel and Slander § 278; Prosser, Torts § 122 n. 17 (3 ed. 1964)." (278 F.Supp. at p. 897.)

Hamilton, on the other hand, cites *Idaho Norland Corp.* v. *Caelter Industries, Inc.* (D. Colo. 1981) 509 F.Supp. 1070, where the court stated: "There is a split of authority among those jurisdictions which have ruled on the questions. A slim majority of state courts have applied a libel-and-slander statute of limitations to trade libel and business disparagement claims. At least three federal district courts have also taken this tack in the absence of controlling state precedent. Four states, however, have refused to hold that trade libel, slander of title, or product disparagement claims are barred by a libel-and-slander statute. The Ninth Circuit, discussing California law, has also refused to apply a libel-and-slander statute of limitations to slander of title claims. [*Kirsch* v. *Barnes* (9th Cir. 1959) 263 F.2d 692 (§ 339, subd. 1 applied to slander of title to timber); *Howard* v. *Hudson* (9th Cir. 1958) 259 F.2d 29 (§ 338, subd. 2 applied to slander of title to real property).] [¶] In summary, the cases reveal no overwhelming majority rule, nor any clear trend one way or the other." (509 F.Supp. at p. 1071; fns. omitted.)

The court in *Idaho Norland Corp.* v. *Caelter Industries, Inc., supra,* 509 F.Supp. 1070, went on to "find most persuasive the rule and reasoning exemplified by [*Henry V.*] Vaccaro Construction Co. v. *A.J. Depace, Inc.,* 137 N.J. Super. 512, 349 A.2d 570 (1970)," stating, at page 1071: "Al-

though the *Vaccaro* court was able to rely, in part, on earlier decisions in New Jersey, it discussed the differences between personal defamation and trade libel, borrowing heavily from Dean Prosser's writings."

We are similarly able to rely, in part, on earlier decisions in California, which are also consistent with the views expressed by Prosser. ■ It is well settled in California that "[t]he applicability of a particular statute of limitations depends upon the substance of the action. It is the *nature of the right sued upon,* not the form of the action or the relief demanded that determines the limitation period. [Citations.]" *(Edwards* v. *Fresno Community Hosp.* (1974) 38 Cal.App.3d 702, 704 [113 Cal.Rptr. 579, 3 A.L.R.4th 1209].) ■ With respect to the choice between the one-year period of section 340, subdivision (3), and the two-year period of section 339, subdivision 1, "[t]he principle of selection which has emerged is that the one-year period applies to all alleged infringements of personal rights, whereas the two-year period applies only to alleged infringements of property rights. [Citations.]" *(Richardson* v. *Allstate Ins. Co.* (1981) 117 Cal.App.3d 8, 12 [172 Cal.Rptr. 483].)

■ A number of California cases have held that tortious interference with a person's trade or business comes within the two-year limitation in section 339, subdivision 1, as an action upon an obligation or liability not founded upon an instrument in writing. (See *Edwards* v. *Fresno Community Hosp., supra,* 38 Cal.App.3d 702, 706, and cases there cited; *McDowell* v. *Union Mutual Life Insurance Co.* (1975) 404 F.Supp. 136, 146-147.) Among the cases cited in *Edwards* is *Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435, 437 [58 Cal.Rptr. 105, 426 P.2d 505], where the action was one for damages to the plaintiff's business operations *and reputation* resulting from a wrongful levy of execution. The court stated, at page 437: ". . . whether this action be viewed (1) as one for trespass to property [citations] or for 'taking, detaining, or injuring any goods, or chattels' and so as falling within the three-year period of section 338, subdivision 3, or (2) as an action to recover damages for tortious interference with plaintiff's business and so as falling within the two-year period specified in section 339, subdivision 1 [citation], it was not barred."

The actionable nature of trade libel was well established by *Triton Ins. Underwriters* v. *National Chiropractic Ins. Co.* (1965) 232 Cal.App.2d 829, 832 [43 Cal.Rptr. 504]; and *DiGiorgio Fruit Corp.* v. *AFL-CIO* (1963) 215 Cal.App.2d 560, 570-571 [30 Cal.Rptr. 350],[2] before the decision in *Tu-*

---

[2]Guess relies on the cited cases for the proposition that trade libel is in all respects the same as defamation of a person, including the applicable statute of limitations. There was no statute of limitations issue in either *Triton* or *DiGiorgio,* and the decisions do not in any manner suggest that the limitations period for personal defamation applies to trade libel.

*Vu,* yet the applicability of the one-year statute for personal libel was not urged or considered in *Tu-Vu.*

Prosser and Keaton lump trade libel, slander of title, and other statements injurious to business relations under the name "injurious falsehood." (Prosser & Keaton on Torts (5th ed. 1984) § 128, pp. 962-966) (Prosser). They recognize that the action is "only loosely allied to defamation," being "rather an action on the case for the special damage resulting from the defendant's interference." (Prosser, p. 963.) Unlike personal defamation, the plaintiff seeking damages for trade libel must prove special damages in the form of pecuniary loss; he must carry the burden of proving that the disparaging statement is false; and "such personal elements of damage as mental distress have been strictly excluded from these claims." (Prosser, pp. 967, 970-971.)

Prosser recognizes that the statute of limitations applicable to personal defamation is commonly held to apply to conduct comprising "injurious falsehood" and attributes this fact to "the unfortunate association with 'slander,' [which has caused] a supposed analogy to defamation [to hang] over the tort like a fog, and has had great influence upon its development." (Prosser, p. 963, and n. 6.)

■ In sum, "[t]rade libel and product disparagement are injurious falsehoods that interfere with business. Unlike classic defamation, they are not directed at the plaintiff's personal reputation, but rather at the goods a plaintiff sells or the character of his or her business, as such. See Prosser at [p. 964]." (*Idaho Norland Corp.* v. *Caelter Industries, Inc., supra,* 509 F.Supp. 1070, 1071.) ■ The distinction recognized by Prosser is consistent with the manner in which California courts have traditionally determined whether the one-year period of section 340, subdivision (3), or the two-year period of section 339, subdivision 1, applies in a given case. We hold that the latter period applies to this action for trade libel.

### DECISION

The petition for writ of mandamus is denied.

Klein, P. J., and Arabian, J., concurred.