[No. G034387. Fourth Dist., Div. Three. June 17, 2005.]

KEVIN JONES, Plaintiff and Respondent, v.
HUMANSCALE CORPORATION, Defendant and Appellant.

## COUNSEL

Declues & Burkett, Glenn S. Goldby and Gregory A. Wille for Defendant and Appellant.

Ferruzzo & Worthe, David N. Shaver and Colleen M. McCarthy for Plaintiff and Respondent.

## OPINION

**RYLAARSDAM, Acting P. J.**—Defendant Humanscale Corporation appeals from an order denying its petition to confirm an arbitration award and granting plaintiff Kevin Jones's counter petition to vacate the award. (Code Civ. Proc., § 1294, subds. (b) & (c).) The trial court concluded the award violated California's public policy against covenants not to compete and also erroneously obligated plaintiff to pay part of the expenses of arbitration. The first ground contradicts the doctrine of arbitral finality and the latter merely supports a correction of the award. We also reject plaintiff's alternative claims that the parties' contract is illegal, the arbitrator exceeded his authority by deciding plaintiff's claim for unpaid wages, and the arbitration clause is unconscionable. We reverse the order with directions to correct the invalid division of the arbitration expenses and, as so corrected, confirm the award.

### FACTS

Defendant, which manufactures and sells ergonomic office products, is incorporated in New York and has sales and manufacturing facilities in New Jersey. In late 2000, plaintiff began working as a regional manager for a company affiliated with defendant. At that time he executed a written contract containing noncompetition and arbitration clauses and a choice-of-law provision applying New York law.

In February 2002, the parties entered into a written agreement that appointed plaintiff as a sales consultant for defendant. The agreement declares it "shall be construed in accordance with the law of the State of New Jersey," and "[a]ny dispute involving the performance, interpretation of [*sic*] breach of this agreement or the relationship created hereby, including . . . disputes involving . . . discrimination and other rights and protections afforded by . . . law shall be submitted to binding arbitration in New Jersey before . . . the American Arbitration Association . . . in accordance with the rules of that Association."

Paragraph 9 barred plaintiff "for a period of two years after termination of this Agreement" from selling "Humanscale products or any other products competitive with" its products "to any potential purchaser including, . . . [¶] . . . [c]ustomer locations or accounts previously called upon or developed by" either plaintiff or defendant or which defendant "assigned to" plaintiff. In addition, paragraph 9 declared, "If any provisions of this paragraph are deemed unenforceable by any court or arbitrator, that court or arbitrator shall have the right to modify the affected provisions so as to render them enforceable." Paragraph 10 prohibited plaintiff from disclosing defendant's trade secrets, including customers' names and addresses.

Defendant terminated plaintiff's employment on July 7, 2002. Several months later, defendant filed a formal demand for arbitration with the American Arbitration Association in New Jersey, citing plaintiff's alleged violation of the agreement's noncompetition and nondisclosure of trade secrets provisions.

In April 2003, plaintiff filed the present action in California, alleging causes of action for failure to timely pay wages, declaratory relief, and unfair competition. Shortly thereafter, defendant filed suit in New Jersey to enforce the arbitration clause contained in the agreement. In the California action, plaintiff moved to stay the arbitration, while defendant responded with a request to stay the action pending completion of the arbitration. After a New Jersey court issued an order directing the parties to proceed with the arbitration, the California court granted defendant's motion to stay. We summarily denied plaintiff's petition challenging that order.

Plaintiff then filed a motion with the arbitrator to dismiss the arbitration, in part asserting that "under New Jersey choice of law analysis," paragraph 9's interpretation is governed by California law, which renders "covenants not to compete . . . void as a matter of . . . public policy." The arbitrator denied the motion. While acknowledging "California has adopted a fundamental policy protecting the freedom of employees to pursue their trade or profession," the arbitrator found "[e]very state, including New Jersey, is concerned about its employees," and "California courts have enforced covenants that impose only incidental or partial restraints." Citing the "limited nature" of defendant's proposed injunction, which sought to bar plaintiff from " 'solicit[ing] or sell[ing] competing products to those Humanscale customers to who[m] he was assigned or had contact,' " the arbitrator concluded, "California's interest . . . [was not] materially greater than that of New Jersey['s]." In a letter sent shortly before the hearing began, the arbitrator informed the parties that, "[a]fter reading your various submissions and the supporting authority concerning the arbitrability of [plaintiff's] wage claim, I have concluded that the claim is arbitrable and that the claim should be determined as part of the pending arbitration."

The arbitration was conducted in New Jersey in January 2004. Subsequently, the arbitrator issued his award "in full settlement of all claims and counterclaims submitted . . . ." First, it declared plaintiff could not, "until July 7, 2004," either "sell[] or offer[] to sell" defendant's products "or any product directly in competition with such products to . . . any customer" he "called on . . . during the term of his agreement" or who was "previously called on by [defendant] and specifically assigned" to plaintiff, nor could he "disclos[e] . . . any confidential information or trade secrets provided to [him] by [defendant] . . . ." Second, the award ordered plaintiff to pay defendant over $17,500 "as damages for the sale of products in violation of the agreement between the parties," and also found plaintiff had been paid "all wages and bonuses to which [he] is entitled." Finally, it declared "[t]he administrative fees . . . and . . . compensation of the arbitrator[] . . . shall be borne equally by the parties," and directed plaintiff to pay defendant as his share "the sum of $12,194.00."

Defendant filed a petition in this action to confirm the arbitrator's award. Plaintiff opposed the petition and alternately requested the court to vacate the award. He claimed the award was based on an illegal contract that violates California's policy against covenants not to compete, improperly ruled on his wage claim, and violated California law by requiring him to pay part of the arbitration's expenses.

The trial judge denied defendant's petition and granted plaintiff's request. He declared: "[T]he arbitrator's award is not legal on its face, and it violates the public policy in California as expressed in Business and Professions Code section 16600 . . . as well as awards costs and fees against the employee . . . . [¶] In my review of the arbitrator's award[,] it appears that the arbitrator applied New Jersey law when it appears to the court that California law . . . should apply under a choice of law analysis."

## DISCUSSION

### 1. *Introduction*

California public policy supports the use of private arbitration to resolve disputes. (Code Civ. Proc., § 1280 et seq.; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) To promote this alternative means of dispute resolution, the law minimizes judicial intervention in the proceedings, in part, by the doctrine of arbitral finality. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 8–10.) Thus, "the general rule [is] that 'an arbitrator's decision cannot be reviewed for errors of fact or law.' [Citation.]" (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 981–982 [12 Cal.Rptr.3d 287, 88 P.3d 24].) "[B]oth because it vindicates the intentions

of the parties that the award be final, and because an arbitrator is not ordinarily constrained to decide according to the rule of law, it is the general rule that, 'The merits of the controversy between the parties are not subject to judicial review.' [Citations.] More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award. [Citations.]" (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 11.)

■ There are limited grounds whereby a court may vacate or correct an arbitration award. (Code Civ. Proc., §§ 1286.2 & 1286.6.) The only statutory basis on which plaintiff relies is that "[t]he arbitrator[] exceeded [his] powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2, subd. (a)(4).) An appellate court reviews a determination of whether an arbitrator has exceeded his or her powers de novo, but displays substantial deference towards the arbitrator's determination of his or her contractual authority. (*Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443–444 [123 Cal.Rptr.2d 122]; see also *O'Flaherty v. Belgum* (2004) 115 Cal.App.4th 1044, 1056 [9 Cal.Rptr.3d 286].) All reasonable inferences must be drawn in support of the award. (*Ajida Technologies, Inc. v. Roos Instruments, Inc.* (2001) 87 Cal.App.4th 534, 541 [104 Cal.Rptr.2d 686].)

The trial court gave two reasons for vacating the arbitration award; it enforced a covenant not to compete that violated California law, and it erroneously obligated plaintiff to pay part of the arbitration fees and expenses. On appeal, plaintiff relies on these and several additional grounds to affirm the order.

## 2. *The Enforceability of the Covenant Not to Compete*

Plaintiff argued, and the trial court agreed, that the arbitrator erred by both applying New Jersey law to determine the enforceability of paragraph 9 and upholding the covenant not to compete. In addition, plaintiff contends the arbitrator exceeded his powers by "award[ing] Humanscale monetary damages arising from an alleged violation of the . . . covenant not to compete" and by "unlawfully reform[ing] [the covenant] . . . to make it enforceable."

Plaintiff relies on Business and Professions Code section 16600, which declares that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cases recognize " '[section 16600] represents a strong public policy of this state [citations].' [Citation.]" (*D'Sa v. Playhut, Inc.* (2000) 85 Cal.App.4th 927, 933 [102 Cal.Rptr.2d 495]. And in *Application Group, Inc. v. Hunter Group, Inc.* (1998) 61 Cal.App.4th 881 [72 Cal.Rptr.2d 73]), the court

affirmed a declaratory relief judgment in favor of a California corporation which had challenged the validity of a covenant not to compete, in a Maryland corporation's agreement. It held, "California has a materially greater interest than does Maryland in the application of its law to the parties' dispute, and . . . California's interests would be more seriously impaired if its policy were subordinated to the policy of Maryland." (*Id.* at p. 902.)

However, notwithstanding Business and Professions Code section 16600, none of the cases on which plaintiff relies, including *Application Group*, involved judicial review of an arbitrator's findings as to the enforceability of a covenant not to compete in a contract containing a choice-of-law provision applying the law of another state. The agreement here authorized arbitration of "[a]ny dispute involving the performance, interpretation of [*sic*] breach of this agreement or the relationship created hereby, including . . . disputes involving . . . discrimination and other rights and protections afforded by . . . law . . . ." Paragraph 9 also expressly authorized an arbitrator to modify any part of the noncompetition covenant found unenforceable. The language is broad enough to include both the question of what state's law applied to paragraph 9 and the validity of the noncompetition clause, both of which the arbitrator decided.

 This is a classic case of the trial court declining to confirm an arbitration award because it disagrees with the merits of the decision. Generally, when faced with a petition to confirm or vacate an arbitration award, a court may not review the merits of the parties' controversy or claims that the arbitrator's decision is either legally or factually erroneous. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 11.) " '[A]rbitrators do not exceed their powers merely [by] assign[ing] an erroneous reason for their decision.' [Citations.]" (*Id.* at p. 28.) Nor can an award be vacated because the arbitrator "reached an erroneous decision." (*Ibid.*) In this case, the trial court did exactly what the Supreme Court in *Moncharsh* said it could not do: review the merits of the arbitrator's findings concerning the applicable law and the interpretation and enforceability of the contract's noncompetition clause. "Obviously, the 'merits' include all the contested issues of law and fact submitted to the arbitrator for decision. The arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement." (*Ibid.*)

Plaintiff relies on an exception recognized in *Moncharsh* for "limited and exceptional circumstances justifying judicial review of an arbitrator's decision," where a contract contains an illegal provision and "granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights. [Citation.]" (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 32.) In *Moncharsh,* the Supreme Court declined to apply the exception to a

fee-splitting provision in an attorney's employment contract with his former law firm that the attorney claimed violated the Rules of Professional Conduct. The court described the matter as "essentially an ordinary fee dispute." (*Id.* at p. 33.) And the cases have limited this exception to situations where private arbitration itself would impede a statutory right.

Two Supreme Court decisions applied the exception in circumstances where the court concluded legislative enactments expressly or impliedly created an impediment to the resolution of an issue by private contractual arbitration. (*Aguilar v. Lerner, supra,* 32 Cal.4th at pp. 982–983 [in dispute between attorney and former client, enforcement of retainer agreement's private arbitration clause would violate client's rights under mandatory fee arbitration act (Bus. & Prof. Code, § 6200 et seq.) and thus "exceed the arbitrator's powers"]; *Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 275–277 [52 Cal.Rptr.2d 115, 914 P.2d 193] [Ed. Code section is "an 'explicit legislative expression of public policy' that issues involving the reelection of probationary teachers not be subject to arbitration," thereby barring arbitrator's enforcement of collective bargaining agreement's procedures that limited school district's dismissal of probationary teachers].)

Intermediate appellate decisions have also applied the exception in similar limited circumstances. (*Jordan v. Department of Motor Vehicles, supra,* 100 Cal.App.4th at pp. 438, 444, 450–451 [exception applied to vacate $88 million attorney fee award in statutorily authorized arbitration that limited award to maximum of $18 million]; *City of Palo Alto v. Service Employees Internat. Union* (1999) 77 Cal.App.4th 327, 338–340 [91 Cal.Rptr.2d 500] [vacating arbitrator's award reinstating employee because it violated court order issued under Code Civ. Proc., § 527.8 enjoining employee's return to workplace]; *Alternative Systems, Inc. v. Carey* (1998) 67 Cal.App.4th 1034, 1044 [79 Cal.Rptr.2d 567] [same as *Aguilar v. Lerner, supra,* 32 Cal.4th 974].)

But the issue here is different. The agreement authorized the arbitrator to determine both the applicable law and the enforceability of the covenant not to compete. (*Marsch v. Williams* (1994) 23 Cal.App.4th 238, 244 [28 Cal.Rptr.2d 402] ["Even where application of a particular law or body of law is required by the parties' arbitration agreement, an arbitrator's failure to apply such a law is not in excess of an arbitrator's powers . . ."].) As discussed more fully below, if a party challenges the validity of a contractual provision other than the arbitration clause itself, the issue of the clause's legality is subject to arbitration. (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at p. 30.)

■ Furthermore, the arbitrator's findings and decision on the enforceability of the covenant not to compete were not palpably erroneous under California law. Contrary to plaintiff's assertion, a former employee's right to pursue his or her lawful occupation is not without limitation. *Gordon v. Landau* (1958) 49 Cal.2d 690 [321 P.2d 456] found "valid and enforceable" a defendant's agreement "not to use plaintiffs' confidential lists to solicit customers for himself for a period of one year following termination of his employment." (*Id.* at p. 694; see also *John F. Matull & Associates, Inc. v. Cloutier* (1987) 194 Cal.App.3d 1049, 1054 [240 Cal.Rptr. 211] [while Bus. & Prof. Code, § 16600 "invalidates agreements which penalize a former employee for obtaining employment with a competitor, it does not necessarily affect an agreement delimiting how that employee can compete"]; *Loral Corp. v. Moyes* (1985) 174 Cal.App.3d 268, 276 [219 Cal.Rptr. 836] ["Section 16600 does not invalidate an employee's agreement not to disclose his former employer's confidential customer lists or other trade secrets or not to solicit those customers"].) While a court lacks the power to save an invalid covenant not to compete by reforming the agreement except "where the parties have made a mistake" (*Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 407 [75 Cal.Rptr.2d 257]), when interpreting the provision, it "must . . . construe[] [it] to be lawful if possible. (Civ. Code, §§ 1643, 3541.)" (*Loral Corp. v. Moyes, supra,* 174 Cal.App.3d at pp. 278–279.)

Consequently, the trial court erred in vacating the award because it disagreed with the arbitrator's findings on the applicable law and the enforceability of the noncompetition clause.

3. *Plaintiff's Obligation to Pay a Portion of the Arbitration Fees and Expenses*

The arbitrator directed that the parties each pay one-half of the arbitration fees. While this portion of the award violated California law, the court erred by vacating the entire award on this ground.

In *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 [99 Cal.Rptr.2d 745, 6 P.3d 669], the Supreme Court considered two separate issues concerning the enforceability of predispute mandatory arbitration clauses in employment contracts: unconscionability and the minimum requirements necessary to permit arbitration of unwaivable statutory rights. (*Id.* at pp. 90–91.) On the second question, the court found parties could agree to arbitrate these matters if "the arbitration . . . meet[s] certain minimum requirements" deemed essential for the "employee to vindicate his or her statutory rights." (*Id.* at pp. 90, 91.) One requirement is that "the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." (*Id.* at

pp. 110–111, italics omitted.) *Armendariz* involved employee claims under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.), but the same rule applies "to the enforcement of rights under any statute enacted 'for a public reason.' " (*Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 180 [116 Cal.Rptr.2d 671], fn. omitted; see also *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1077, 1081 [130 Cal.Rptr.2d 892, 63 P.3d 979] [*Armendariz*'s holding applied to common law causes of action for wrongful termination in violation of public policy].)

California recognizes the prompt payment of wages as a fundamental policy which involves a broad public interest. (Lab. Code, §§ 201, 203, 218.5; *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 360 [127 Cal.Rptr.2d 516, 58 P.3d 367].) Because the arbitration dealt with plaintiff's wage claim, it covered an unwaivable statutory issue affecting public policy and needed to comply with *Armendariz*'s minimum requirements. The portion of the award directing plaintiff to pay one-half of the arbitration's costs did not.

■ The question then is whether the trial court properly vacated the entire award rather than merely correcting it. A court may "correct the award and confirm it as corrected if the court determines that: [¶] . . . [¶] . . . The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted . . . ." (Code Civ. Proc., § 1286.6, subd. (b); see *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809, 1815 [37 Cal.Rptr.2d 558] [although arbitrator exceeded powers by failing to award prevailing party attorney fees and costs, "error was subject to correction" under § 1286.6].) A correction of the award's division of the arbitration fees and expenses will not affect the arbitrator's findings on the merits of the substantive issues.

A court has the power to correct an arbitration award when "[a] petition or response requesting that the award be vacated has been duly served and filed and: [¶] . . . All petitioners and respondents are before the court . . . ." (Code Civ. Proc., § 1286.8, subd. (b)(1).) Here, these requirements were met. Thus, the court had authority to correct the arbitration award and should have exercised its power to do so rather than vacating the entire award because of the erroneous division of the arbitration fees and expenses.

### 4. *Plaintiff's Additional Grounds*

#### a. *Illegality of the Parties' Agreement*

Citing *Loving & Evans v. Blick* (1949) 33 Cal.2d 603 [204 P.2d 23], plaintiff argues the trial court's vacation of the arbitration award should be

upheld because the agreement "contains an illegal covenant not to compete." This contention misstates the law.

■ "If a contract includes an arbitration agreement, and grounds exist to revoke the entire contract, such grounds would also vitiate the arbitration agreement. Thus, if an otherwise enforceable arbitration agreement is contained in an illegal contract, a party may avoid arbitration altogether. [Citations.] [¶] By contrast, when—as here—the alleged illegality goes to only a portion of the contract (that does not include the arbitration agreement), the entire controversy, including the issue of illegality, remains arbitrable. [Citations.]" (*Moncharsh v. Heily & Blase, supra,* 3 Cal.4th at pp. 29–30, fn. omitted.)

The agreement appointed plaintiff to work as an independent sales consultant for defendant. Plaintiff makes no claim the agreement, as a whole, is unlawful. He merely points to the agreement's allegedly invalid covenant not to compete. Thus, this case concerns a question of partial illegality that was subject to determination by the arbitrator. *Loving & Evans v. Blick, supra,* 33 Cal.2d 603, is inapposite because it involved an arbitration agreement contained in an illegal construction contract executed by an unlicensed contractor. The arbitrator here had authority to decide whether paragraph 9's covenant was enforceable.

### b. *The Arbitrability of Plaintiff's Wage Claim*

Plaintiff contends the arbitrator "unilaterally decided to rule on the wage claim" only days before the hearing and, since neither he nor defendant had sought such a determination in that proceeding, the arbitrator exceeded his powers. The limited record before us does not support plaintiff's summary of the proceedings.

Defendant's original demand for arbitration concerned plaintiff's alleged violation of the covenant not to compete and nondisclosure of trade secrets provisions. During prearbitration discovery, defendant asked plaintiff to provide "[a]ll documents which . . . relate to and/or . . . quantify the amount of wages, commissions, bonuses or other remuneration allegedly owed" to him. At his deposition, plaintiff was questioned about the amount of wages and benefits owed to him when he was terminated; he testified that "[i]t was right around $16,000." Before the arbitration, the arbitrator concluded he would also consider plaintiff's wage claim. In a January 2004 letter, the arbitrator informed the parties that, "[a]fter reading your various submissions and the supporting authority concerning the arbitrability of [plaintiff's] wage claim, I have concluded that the claim is arbitrable and that the claim should be

determined as part of the pending arbitration." In his award, the arbitrator found defendant had paid plaintiff "all wages and bonuses to which [he] is entitled."

■ "Code of Civil Procedure section 1283.4 provides the arbitrator's written award shall determine all submitted questions 'necessary in order to determine the controversy.' . . . [I]t is for the arbitrators to determine what issues are 'necessary' to the ultimate decision. . . . 'Likewise, any doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not the court to resolve.' [Citations.] [¶] Although section 1286.2 permits the court to vacate an award that exceeds the arbitrator's powers, the deference due an arbitrator's decision on the merits of the controversy requires a court to refrain from substituting its judgment for the arbitrator's in determining the contractual scope of those powers. [Citations.]" (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372 [36 Cal.Rptr.2d 581, 885 P.2d 994], fn. omitted; see also *Ajida Technologies, Inc. v. Roos Instruments, Inc., supra,* 87 Cal.App.4th at p. 542.)

The parties have provided only a partial record of the arbitration proceeding. It reflects that, at some point, the issue of whether the arbitrator should decide plaintiff's wage claim was raised and argued. The arbitration clause is broad enough to cover unpaid commissions, bonuses, or other employment benefits owed but not paid to plaintiff when defendant terminated him. Defendant sought damages from plaintiff, and any compensation it owed to him would necessarily constitute an offset against its potential recovery. Given these facts and the deference courts must show to an arbitrator's determination concerning the scope of the issues before him, plaintiff has failed to show the arbitrator exceeded his powers by ruling on the wage claim.

### c. *Unconscionability*

In the trial court, plaintiff argued the arbitration clause was unconscionable. Plaintiff reasserts this claim on appeal as a basis to affirm the order vacating the arbitration award.

■ "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (Code Civ. Proc., § 1281.) Thus, "pursuant to 'general contract law principles,' California courts may invalidate arbitration agreements when they contain provisions that are 'unconscionable or contrary to public policy.' [Citation.]" (*Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 711 [13 Cal.Rptr.3d 88].)

■ As noted above, *Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th 83, applied the doctrine of contractual unconscionability to an employment contract's predispute mandatory arbitration clause. (*Id.* at pp. 113–121.) *Little v. Auto Stiegler, Inc., supra,* 29 Cal.4th 1064, summarized the law of unconscionability: "[T]he doctrine has ' "both a 'procedural' and a 'substantive' element," the former focusing on " 'oppression' " or " 'surprise' " due to unequal bargaining power, the latter on " 'overly harsh' " or " 'one-sided' " results.' [Citation.] The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, ' "which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." ' [Citation.] '[I]n the case of preemployment arbitration contracts, the economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement.' [Citation.] . . . [¶] Substantively unconscionable terms may take various forms, but may generally be described as unfairly one-sided." (*Id.* at p. 1071.)

■ There must be both procedural and substantive unconscionability before a court may refuse to enforce a contract on this ground. Procedural unconscionability may exist here. Defendant prepared and submitted the agreement containing the arbitration clause to plaintiff and required him to sign it as a condition of his continued employment, thus rendering the agreement a contract of adhesion. (*Little v. Auto Stiegler, Inc., supra,* 29 Cal.4th at p. 1071; *Fitz v. NCR Corp., supra,* 118 Cal.App.4th at p. 713.)

■ But plaintiff failed to establish substantive unconscionability. To do so, one generally must show the lack of a " 'modicum of bilaterality' in an arbitration agreement." (*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at p. 117.) "Given the disadvantages that may exist . . . , it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, without at least some reasonable justification for such one-sidedness based on 'business realities.' As has been recognized, ' "unconscionability turns not only on a 'one-sided' result, but also on an absence of 'justification' for it." ' [Citation.]" (*Id.* at pp. 117–118.)

The arbitration clause satisfies the requirement of mutuality. It applies to "any dispute involving the performance, interpretation of [*sic*] breach of this agreement or the relationship created hereby, including without limitation, disputes involving . . . laws against discrimination and other rights and

protections afforded by . . . law . . . ." The provision binds both parties. Nothing in it gives one party greater rights or protections than those provided to the other.

Noting again the arbitrator's order requiring both parties to equally bear the arbitration fees and expenses, plaintiff contends the arbitration clause is substantively unconscionable. (*Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 115–117 [12 Cal.Rptr.3d 663].) This argument lacks merit under the circumstances of this case. "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." (Civ. Code, § 1670.5, subd. (a).)

In *Armendariz*, the Supreme Court applied Civil Code section 1670.5 to an employment agreement's arbitration clause. "The basic principles of severability that emerge from Civil Code section 1599 and the case law of illegal contracts appear fully applicable to the doctrine of unconscionability. Courts are to look to the various purposes of the contract. If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate. That Civil Code section 1670.5 follows this basic model is suggested by the Legislative Committee comment . . . , which talks in terms of contracts not being enforced if 'permeated' by unconscionability, and of clauses being severed if 'so tainted or . . . contrary to the essential purpose of the agreement.' [Citation.]" (*Armendariz v. Foundation Health Psychcare Services, Inc., supra,* 24 Cal.4th at p. 124; see also *Fitz v. NCR Corp., supra,* 118 Cal.App.4th at pp. 714–715.)

The arbitration clause did not expressly require the parties to split arbitration fees and expenses. That arose from the arbitrator's award. Given Civil Code section 1670.5, subdivision (a), which *Armendariz* held authorizes a court to excise an invalid contractual provision collateral to the agreement's main purpose, plus Code of Civil Procedure section 1286.6, which allows a court to correct an arbitration award before confirming it, along with California's policy favoring the use of arbitration, the arbitration clause is not substantively unconscionable.

## DISPOSITION

The order vacating the arbitration award is reversed. The matter is remanded to the superior court with directions to correct the award by amending it to direct defendant to pay all of the fees and expenses of arbitration and, as so corrected, enter an order confirming the award. The parties shall bear their own costs on appeal.

Moore, J., and Fybel, J., concurred.

A petition for a rehearing was denied July 14, 2005, and respondent's petition for review by the Supreme Court was denied September 7, 2005.