807 A.2d 777

**Tammie Lynn SMITH**

v.

**Cara Nicole CYLUS.**

**No. 1866, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Sept. 12, 2002.

Robert J. Zarbin (Harvey A. Kirk and Saiontz, Kirk & Miles, P.A. on the brief), Baltimore, for appellant.

Edward Brown (David L. Rubino, Amy Leete Leone and McCarthy, Wilson & Ethridge on the brief), Rockville, for appellee.

Argued before SALMON, KRAUSER, and MARVIN H. SMITH (Ret., Specially Assigned), JJ.

SALMON, Judge.

## I.

On August 17, 1998, Tammie Smith ("Smith") was involved in an automobile accident with Cara Cylus ("Cylus"). The accident occurred on Charles Street, a major thoroughfare running from Baltimore City's inner harbor north through Baltimore County. Smith filed a complaint against Cylus in the Circuit Court for Baltimore City on July 10, 2001, five weeks before the statute of limitations expired. In her complaint, Smith alleged (incorrectly) that the accident occurred in Baltimore City. She also alleged (incorrectly) that Cylus resided in Baltimore City.

In response to the complaint, counsel for Cylus served Smith with a request for admissions. Subsequently, Cylus's counsel filed a motion to dismiss for improper venue, or in the alternative, to transfer venue based on principles of *forum non conveniens*. Cylus filed an affidavit in support of the motion stating that the accident occurred in Towson, Baltimore County, Maryland, that she resided in Towson and that she was employed at White Marsh Mall, located in Baltimore County. No answer to the complaint was filed.

A hearing was held on October 5, 2001, to address Cylus's motion to dismiss. At the hearing the trial court asked counsel for Smith his reasons for filing the claim in Baltimore City. Counsel responded: "We were under the understanding that [the accident] happened on Charles Street, and that [Cylus] resided in Baltimore. And that's why we filed suit

here, both because we believed that this was where the situs of the accident was, and this was where [Cylus] resided." After further questioning from the court, counsel acknowledged that he was unsure where Cylus lived at the time the complaint was filed and unsure of the exact site of the accident. Plaintiff's counsel ultimately conceded that, although the complaint was originally filed in Baltimore City in good faith, that there was no apparent connection between Baltimore City and the subject accident.

Upon learning of the lack of a connection with Baltimore City, the court expressed concern that the complaint may have constituted a "false pleading" and suggested that it believed "the case should be dismissed" for that reason. Counsel for Smith responded by emphasizing that if the complaint was dismissed his client would have "nowhere to go" because the statute of limitations had run. The court, expressing no opinion on the issue of limitations, dismissed the claim without prejudice, saying only that the case is "going to have to be dismissed for improper venue."

## II.

Appellant raises two questions on appeal, *viz:*

1. Did appellee waive the defense of improper venue when she served appellant with a request for admissions?

2. Did the court abuse its discretion in dismissing appellant's complaint rather than transferring it to an appropriate venue?

In support of her argument that appellee waived the defense of improper venue when she served her with requests for admissions, appellant states that "[p]ursuant to Rule 2–322, the issue of venue is a mandatory defense which must be plead before any initial filing by the defendant." Appellant, citing *Eastham v. Young,* 250 Md. 516, 243 A.2d 559 (1968), continues, "It is well established law that unless venue is raised as a preliminary issue, before filing of any other pleading, venue is waived."

While appellant is correct that Rule 2–322 governs mandatory defenses, she misunderstands the rule. Rule 2–322(a) reads: "The following defenses shall be made by motion to dismiss filed before the *answer*, if an answer is required: (1) lack of jurisdiction over the person, (2) improper venue...." (Emphasis added.) In the case *sub judice*, appellee never filed an answer. Therefore, she has not waived the defense of improper venue.[1]

Appellant further argues that "the court has abused its discretion by dismissing Smith's Complaint rather than transferring it to the Circuit Court for Baltimore County."[2] Specifically she contends that

> in order to dismiss a complaint for a forum non conveniens analysis there must be an alternate forum which is available for litigation. *Johnson v. G.D. Searle & Co.*, 314 Md. 521, 552 A.2d 29 (1989). No matter how inappropriate the forum may be, if the plaintiff's cause of action is barred by the statute of limitations then the matter may not be dismissed unless the defendant stipulates to waiving the statute of limitations as a defense in the new forum. *Id.* at 530, 552 A.2d 29.

The short answer to this argument is that the trial court dismissed the complaint on the grounds of improper venue, not *forum non conveniens*. Thus, the case law cited by appellant does not apply. In any event, the authority cited is inapplicable for a second reason. As explained below, appellant's cause of action, at the time of dismissal, was not barred by the statute of limitations.

Appellant also contends that the trial court

---

1. Appellant's reliance on *Eastham v. Young* is misplaced. *Eastham* was not decided under the current Rule 2–322 but rather a predecessor to that rule that required a motion to dismiss for improper venue be made prior to the filing of any *pleading*.

2. Maryland Rule 2–327(b) addresses the transfer of actions due to filing in an improper venue and reads: "If a court sustains a defense of improper venue but determines that in the interest of justice the action should not be dismissed, it may transfer the action to any county in which it could have been brought."

abused its discretion by dismissing Smith's cause of action, after limitations had run, when it could have simply transferred the matter. No prejudice or harm has come to the appellee as a result of Smith's filing in the circuit court for Baltimore City; nor has any been alleged. On the other hand, Smith had been greatly harmed by the dismissal of her complaint after limitations has run.

In *Bertonazzi v. Hillman*, 241 Md. 361, 216 A.2d 723 (1966), the Court of Appeals stated that when an action has been timely filed the statute of limitations should be tolled in order to "save a claim for determination on the merits ... even though the action failed for a technical or procedural reason." *Id.* at 371, 216 A.2d 723. Eleven years after it decided *Bertonazzi*, the Court of Appeals, in *Walko Corp. v. Burger Chef Systems, Inc.*, 281 Md. 207, 213–14, 378 A.2d 1100 (1977), interpreted its earlier decision as follows:

> At first blush, *Bertonazzi* ..., would appear to stand as authority for the broad proposition that under Maryland law the running of the limitations period is tolled by a procedurally defective action which is timely filed. This is not borne out, however, by an analysis of that case.... In *Bertonazzi* the Court carved out a narrow exception to the traditional rule against engrafting implied exceptions upon the statute of limitations in certain situations where the sole reason for the dismissal of the prior action was improper venue.... *Bertonazzi* stands alone, then, *confined to the special circumstances which culminated in the filing of the suit in the wrong county.*[3]

(Emphasis added.)

■ In this case, the narrow, special circumstances, mentioned in *Bertonazzi*, exist. Therefore, the statute of limita-

---

**3.** Subsequent cases have reiterated the narrow exception (carved out in *Bertonazzi* and explained in *Walko*) to the usual rule that technical or procedural errors will not serve to toll the running of the statute of limitations. *See, e.g., Furst v. Isom*, 85 Md.App. 407, 412–13, 584 A.2d 108 (1991); *Berry v. Department of Human Resources*, 88 Md.App. 461, 473, 594 A.2d 1258 (1991); *Lennox v. Mull*, 89 Md.App. 555, 561–62,

tions was tolled when appellant filed her claim on July 10, 2001, in Baltimore City. After the trial court granted appellee's motion to dismiss, appellant still had five weeks in which to timely file a claim in Baltimore County. Because appellant had a venue in which she could file her claim, it was not unjust for the court to dismiss her complaint rather than transfer it to Baltimore County-where venue was proper.

Contrary to appellant's argument, she was, in fact, not "greatly harmed" by the dismissal of her case without prejudice. Counsel for appellant admitted at oral argument that, because he was familiar with the *Bertonazzi* decision, he refiled appellant's complaint in Baltimore County within five weeks of the date the case was dismissed in Baltimore City.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

598 A.2d 847 (1991); *Mayor & City Council of Cumberland v. Beall,* 97 Md.App. 597, 604–05, 631 A.2d 506 (1993); *Baker, Watts & Company v. Miles & Stockbridge,* 95 Md.App. 145, 194–95, 620 A.2d 356 (1993).