[No. A112273. First Dist., Div. Five. Aug. 28, 2006.]

SYLVESTER OKORO, Plaintiff and Appellant, v.
CITY OF OAKLAND et al., Defendants and Respondents.

COUNSEL

Berehanu H. Challa for Plaintiff and Appellant.

John A. Russo, City Attorney, Randolph W. Hall, Chief Deputy City Attorney, William E. Simmons, Trial Attorney, Arlene Rosen and Kandis A. Westmore, Deputy City Attorneys, for Defendants and Respondents.

OPINION

**REARDON, J.**[*]—Sylvester Okoro appeals from the trial court's order sustaining the demurrer of the City of Oakland, Sergeant Enoch Olivas and Officer Lisa Ausmus. By earlier order, we dismissed the appeal with regard to the City of Oakland. We now reverse the judgment with regard to Olivas and Ausmus.

## PROCEDURAL HISTORY

On February 25, 2002, appellant and his wife, Ava Robinson[1] filed a complaint in federal district court against the City of Oakland (City) and its police department, police chief, and city manager and unnamed police officers, designated as Does 1–100. The complaint alleged causes of action for violation of civil rights (42 U.S.C. §§ 1981, 1983), false arrest and imprisonment, battery, trespass to chattels, intentional and negligent infliction of emotional distress, negligence and defamation. All causes of action arose from an alleged entry by Oakland police officers into appellant's home on June 28, 2001, and his subsequent arrest. Appellant's requisite claim under the California Government Tort Claims Act, Government Code section 900 et seq., had been denied on October 16, 2001.

On March 24, 2003, the district court dismissed all defendants, except the City, for failure to properly serve (Fed. Rules Civ. Proc., rule 4, 28 U.S.C.) and failure to prosecute (Fed. Rules Civ. Proc., rule 41(b), 28 U.S.C.).

On April 29, 2005, the district court found that appellant had failed to produce evidence of a " 'policy or custom' " of the City that led to his alleged civil rights violations as is required by *Monell v. New York City Dept.*

---

[*] Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] Robinson was later dismissed as a plaintiff by the court for failure to prosecute. Although originally named as a plaintiff, there was apparently no reference to her thereafter in the litigation.

*of Social Services* (1978) 436 U.S. 658, 694 [56 L.Ed.2d 611, 98 S.Ct. 2018]. Thus, summary judgment in favor of the City was granted as to the federal causes of action (42 U.S.C. §§ 1981, 1983). The court having dismissed the only causes of action over which it had original jurisdiction, it declined to exercise supplemental jurisdiction over the remaining causes of action, all of which arose under state law. The court's order read, in part: "Plaintiff is, of course, free to refile such claims in state court, subject to the tolling provisions of 28 USC § 1367(d)."[2]

On June 21, 2005, appellant filed a first amended complaint in the Alameda County Superior Court against the City, its manager, police department, police chief, Sergeant Enoch Olivas, Officer Lisa Ausmus, and additional Doe officers.[3] The eight causes of action were for violation of civil rights (42 U.S.C. § 1983 & Cal. Const.), false arrest and imprisonment, battery, trespass to chattels, intentional and negligent infliction of emotional distress, negligence and defamation. Respondents demurred to the complaint. The trial court issued its ruling on October 11, 2005.

As to the named officers, Olivas and Ausmus, the court sustained the demurrer without leave to amend and dismissed the complaint: "These individuals were never named in Plaintiff's federal suit. Though there were Doe allegations in the federal complaint, all individual defendants were dismissed from the federal suit for failure to prosecute and failure to serve any individual defendants. The order dismissing the individual defendants is dated March 24, 2003. Plaintiff's claims against the individual defendants based upon an incident alleged to have occurred June 28, 2001, are therefore time-barred. While the statute of limitations on those claims was tolled during the pendency of the federal lawsuit, that tolling ends '30 days after [the claim] is dismissed.' 28 U.S.C. § 1367(d). The claims against the City continue to be 'pending,' and the statute of limitations tolled, during Plaintiff's appeal of the dismissal of the City and judgment entered thereon. However, the dismissal of the individual defendants occurred long before that final judgment, triggering Plaintiff's time for re-filing claims against the individual defendants in state court."

As to the City (and, presumably, its manager, police department and police chief), the court dismissed the first cause of action for civil rights violations, finding the federal statutory claim (42 U.S.C. § 1983) barred by res judicata

---

[2] Appellant contends final judgment was entered by the district court on May 2, 2005. The record on appeal contains no support for that contention. However, respondents concede the point.

[3] The original state court complaint was apparently filed on June 1, 2005. It is not in the record on appeal. But for respondents' motion to augment the record, the first amended complaint would not be in the record either.

and the state constitutional claim untimely. These points were conceded by plaintiff. As to the causes of action for false arrest and imprisonment, battery, intentional and negligent infliction of emotional distress and negligence, the court sustained the demurrer without leave to amend on the ground that these causes of action were based upon the same facts and same primary rights as plaintiff's title 42 United States Code section 1983 claim: "Thus Plaintiff is barred from re-litigating the same primary right in this state law action. (See *Acuna v. Regents of University of California* (1997) 56 Cal.App.4th 639, 645, 650 [65 Cal.Rptr.2d 388].)" As to the cause of action for defamation, the demurrer was sustained without leave to amend on the basis of the absolute immunity provided by Civil Code section 47. Finally, the demurrer as to the fourth cause of action, for trespass to chattels, was sustained *with leave to amend*: "The cause of action as stated does not allege a basis, consistent with Government Code § 815, for the City's liability."

On November 14, 2005, appellant filed his notice of appeal.

Respondents moved to dismiss the appeal, alleging the order sustaining the demurrer was not appealable in that it had not disposed of the entire action between the parties, because appellant had been granted leave to amend one cause of action. This court agreed as to the City and thus granted the motion to dismiss the appeal by order dated March 2, 2006. However, as to Olivas and Ausmus, the trial court's order is a final, appealable judgment.[4] By order dated March 13, 2006, we denied appellant's motion to vacate the dismissal as to the City; in the motion, appellant conceded that a final judgment had not been entered against the City. On May 4, 2006, partial remittitur was issued. Thus, we have no jurisdiction to consider appellant's claim vis-à-vis the City. We turn to a discussion of appellant's claim of error as to Olivas and Ausmus.

### DISCUSSION

■ Title 28 of the United States Code section 1367(a) (hereafter, section 1367) provides federal district courts with supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." However, the federal court may decline to exercise this supplemental jurisdiction when the court dismisses all claims over which it had original jurisdiction. (§ 1367(c)(3).) As to the state law claims, the state statutes of limitations

---

[4] We acknowledge the distinction between the state-law exception to the one-final-judgment rule, which permits an appeal from an order fully disposing of an action as to one or more parties in a multiparty action, and the federal rule discussed below. (See *Oakland Raiders v. National Football League* (2001) 93 Cal.App.4th 572, 577–578 [113 Cal.Rptr.2d 255].)

are tolled while the claims are pending in the federal courts "and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." (§ 1367(d).)

The incident giving rise to these lawsuits occurred on June 28, 2001. Appellant's tort claim was denied by the City on October 16, 2001. He had six months from that date to file his action. (Gov. Code, § 945.6, subd. (a)(1).) That limitations period applied to state causes of action against both the City and Olivas and Ausmus, who were, per the allegations, acting in the scope of their employment as public employees at the time of the incident. (Gov. Code, § 950.2; *Williams v. Horvath* (1976) 16 Cal.3d 834, 838 [129 Cal.Rptr. 453, 548 P.2d 1125].) The federal action was filed on February 25, 2002—the 132nd day of the limitations period. Olivas and Ausmus were not named defendants in the federal action. They were, however, encompassed by the naming of defendant "Officers Does 1–100." As the trial court pointed out, all individual defendants were dismissed by the federal court on March 24, 2003, for failure to prosecute and serve.

According to respondents' position, appellant had only 30 days from March 24, 2003, in which to file his state court action.[5] Appellant contends: (1) the judgment was not final as to the district court, until May 2, 2005, when the court entered summary judgment, or (2) that the triggering event for purposes of section 1367(d) occurs not when the district court dismisses the action but, rather, when that dismissal is made final either by its affirmance on appeal or the lapsing of time to appeal. Appellant claims his appeal of the district court order is currently pending at the court of appeals.[6]

In *Kendrick v. City of Eureka* (2000) 82 Cal.App.4th 364, 370 [98 Cal.Rptr.2d 153], Division Two of this court wrote that, for purposes of section 1367(d), "a matter remains 'pending' in the federal court system, at least arguably through appeal to the courts of appeals afforded as a matter of statutory right." However, the court's *holding* was that such matters do not

---

[5] Respondents rely upon *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 411 [75 Cal.Rptr.2d 257], for the proposition that "28 United States Code section 1367(d) does not allow plaintiff to 'tack' onto the limitations period the full time during which his federal action was pending." Under *Kolani*, the limitations period runs 30 days from dismissal of the federal case only and does not include the time the federal case was pending. To the contrary is *Bonifield v. County of Nevada* (2001) 94 Cal.App.4th 298, 303–304 [114 Cal.Rptr.2d 207]: "To toll the statute of limitations period means to suspend the period, such that the days remaining begin to be counted after the tolling ceases. [Citation.]" Under *Bonifield*, the limitations period here runs 78 days from the dismissal of the federal case: the 30 days provided by section 1367(d) plus the 48 days remaining on the state statute at the time the federal action was filed. We need not resolve this conflict, however. Respondents concede the judgment in the federal action was entered on May 2, 2005. Thus, even under the reasoning of *Kolani*, the state complaint, filed on June 1, 2005, was timely because it was filed within 30 days.

[6] Once again, an assertion for which there is no support in the record.

remain " 'pending' " during the time for the filing of a petition for writ of certiorari or for the consideration of such a petition. Although the court's statement as to period of time for taking an appeal by right was dictum, we find it well reasoned and adopt it here. The notion that a matter remains pending through the appellate process finds support elsewhere. In a related context, the United States Supreme Court in *Burnett v. New York Central R. Co.* (1965) 380 U.S. 424, 435 [13 L.Ed.2d 941, 85 S.Ct. 1050], held that a federal statute of limitations period was tolled during the pendency of a related state suit, including the time for the filing of an appeal or the entry of final judgment on appeal after a state court dismissal. Additionally, courts have held that, where federal antitrust law provides for the tolling of the statute of limitations for a private enforcement action during the pendency of any government enforcement action, "pendency" includes the appellate process. (*Russ Togs, Inc. v. Grinnell Corporation* (2nd Cir. 1970) 426 F.2d 850, 857; *Twentieth Century-Fox F. Corp. v. Brookside Th. Corp.* (8th Cir. 1952) 194 F.2d 846, 857.)

Appeals from the federal district court to the court of appeals must be filed within 30 days of entry of judgment. (Fed. Rules App. Proc., rule 4(a)(1), 28 U.S.C.) The case before us appears to turn on whether the court's order of March 24, 2003, dismissing the unnamed defendants, was appealable. If not, appellant would have to wait for the entry of the court's final order in the action in order to appeal—here, the judgment of May 2, 2005. Until that time and during the period of appeal, appellant's case as to Officers Does 1–100 would remain pending. Under this analysis, appellant's state court action filed on June 1, 2005, would be timely.[7]

However, if the March 24, 2003 dismissal was appealable, appellant would have had to file his notice by April 23, 2003. That failing, the matter would no longer be pending against Does 1–100 as of that date. Appellant has made no assertion that he appealed from that order. Thus, this analysis would require appellant to have filed his state court action within 30, or at most 78,[8] days of April 23, 2003. Under this analysis, his filing on June 1, 2005, was untimely.

Pursuant to title 28 United States Code section 1291, federal courts of appeals have jurisdiction over only the final decisions of the district courts.

---

[7] It is of no import whether the controlling date is the entry of the court's order on April 29, 2005, or the entry of judgment, which we accept to have been on May 2, 2005. The appeal period is 30 days, during which the matter remains pending. Thereafter, appellant had 78 days to file his state court action. In either event, his filing on June 1 was timely. It is also irrelevant to this analysis whether appellant actually has an appeal pending before the court of appeals. (See fn. 5, *ante.*)

[8] See footnote 5, *ante.*

"Ordinarily, under Fed.R.Civ.P. 54(b) an order, however designated, that adjudicates the rights and liabilities of fewer than all parties is not final or appealable under [title 28 United States Code] § 1291 unless the district court 'certifies' appealability by making an express determination that there is no just reason for delay and then explicitly directs the entry of judgment on the order. [Citations.]" (*Arango v. Guzman Travel Advisors Corp.* (5th Cir. 1980) 621 F.2d 1371, 1374; see also *Transit Management of SE La. v. Group Ins. Admin.* (5th Cir. 2000) 226 F.3d 376, 381.) There is no question that, here, the district court made no certification under rule 54(b) of the Federal Rules of Civil Procedure (28 U.S.C.), as to appealability, nor did it explicitly direct the entry of judgment as to the unnamed defendants. Indeed, the dismissal was granted without prejudice. Consequently, we cannot say that the order was appealable. Thus, the action against the unnamed defendants remained pending, for the purposes of section 1367(d), at least through the time for filing an appeal from the court's final order disposing of the entire action.

Citing the fact that Olivas and Ausmus were never personally named in the federal suit, respondents contend appellant cannot benefit from the tolling provision of section 1367(d) as to Olivas and Ausmus because no case was ever pending against them prior to the filing of the state court action. Respondents note that appellant was given the opportunity to amend his federal complaint to include named defendants but failed to do so.[9]

■ "It is a well established rule that when a complaint sets forth a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date the original complaint was filed. . . ." (*Olden v. Hatchell* (1984) 154 Cal.App.3d 1032, 1035 [201 Cal.Rptr. 715], citations & fn. omitted; see also Code Civ. Proc., § 474.) Respondents cite no authority for their contention that the foregoing principle does not apply, as here, where a state court action is filed following a section 1367 dismissal in federal court. We see no reason to deprive appellant of the relation-back aspect of the fictitious defendant procedure in these circumstances. Of course, respondents are free to contend that appellant's naming of Olivas and Ausmus was tardy. The relation-back doctrine can be defeated if the defendant shows that the plaintiff "was dilatory in amending his complaint, or that defendant suffered prejudice from any such delay. . . ." (*Smeltzley v. Nicholson Mfg. Co.* (1977)

---

[9] At oral argument, respondents contended that the relation-back doctrine of Code of Civil Procedure section 474 was qualified by the overall requirement that a complaint be served within three years of filing, as provided by Code of Civil Procedure section 583.210, subdivision (a). However, the officers were served within three years of the filing of the state court complaint on June 1, 2005. Section 583.210 does not require service of the state court complaint within three years of the incident giving rise to the causes of action or within three years of the filing of a related federal action. It is, thus, irrelevant to our analysis.

18 Cal.3d 932, 939 [136 Cal.Rptr. 269, 559 P.2d 624], citation & fn. omitted; see also *Hazel v. Hewlett* (1988) 201 Cal.App.3d 1458, 1466 [247 Cal.Rptr. 723].) Respondents have not made that argument to date and may well do so in the future. We express no opinion on that subject. Additionally, we express no opinion on another subject not addressed by the parties below or on appeal: whether there is any distinction between the timeliness of plaintiff's state-law causes of action and his federal-law causes of action against Olivas and Ausmus. Here, given the basis stated by the trial court for sustaining the demurrer as to all causes of action against Olivas and Ausmus, the judgment must be reversed.

## DISPOSITION

The judgment of the court, sustaining respondents' demurrer to all causes of action against Olivas and Ausmus, is reversed. The respondents' request for judicial notice filed May 23, 2006, is granted. The parties shall bear their own costs.

Jones, P. J., and Simons, J., concurred.