Michael Weinrib, M.D., and Gastroenterology Consultants, P.C. (hereinafter collectively referred to as "Weinrib"), appeal, pursuant to Rule 5, Ala. R.App. P., from the trial court's interlocutory order reinstating in the Montgomery Circuit Court a malpractice action against Weinrib, which Weinrib claims is barred by the statute of limitations. The trial court certified the following controlling question of law: "Is the reinstatement of this action barred by the statute of limitations?" We determine that it is, and we reverse and remand.
 Factual Background and Procedural History
On February 18, 1999, Frances J. Duncan, who is disabled due to a stroke, was injured while attempting to climb down from an examination table in Dr. Weinrib's office. On February 16, 2001, Duncan sued Weinrib in the Montgomery Circuit Court alleging certain claims under the Alabama Medical Liability Act ("AMLA"). Weinrib filed a motion for a summary judgment on the ground that Duncan had failed to present expert testimony in support of her medical-malpractice claims. On June 10, 2003, Duncan amended her complaint to assert violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. ("ADA"), and on July 10, 2003, Weinrib filed a notice removing the case to the federal district court, pursuant to28 U.S.C. §§ 1441 and 1446.
On September 1, 2004, the federal court entered a summary judgment in favor of Weinrib on Duncan's claims brought under the ADA. The federal court elected not to exercise supplemental jurisdiction over the AMLA claims; it dismissed those claims without prejudice pursuant to 28 U.S.C. § 1367(c), providing that Duncan could refile those claims in a state court pursuant to 28 U.S.C. § 1367(d), because the limitations period for filing the claims was tolled during the pendency of the ADA claims in the federal court.
On August 30, 2005, approximately one year after the entry of the order in the federal court, Duncan filed in the Montgomery Circuit Court a "motion to reinstate action." Weinrib responded and opposed the motion, arguing that the statute of limitations barred reinstatement because *Page 169 
cause Duncan did not refile her action in the state court within 30 days after the entry of the federal court's order, as required by 28 U.S.C. § 1367(d). Duncan filed no response to Weinrib's opposition.
On November 9, 2005, the trial court entered an order granting Duncan's motion to reinstate the action, holding "that the original filing of this action in this Court, and [Weinrib's] filing of an Answer, prior to the removal to federal court and the dismissal of the state law claims without prejudice by the federal court, protects the action from being barred by the applicable Statute of Limitations." As previously noted, this Court granted permission to appeal under Rule 5, Ala. R.App. P., to answer the question whether the reinstatement of the action in the state court was barred by the statute of limitations.
 Discussion
On appeal, Weinrib argues that Duncan is in clear violation of the two-year statute of limitations in Ala. Code 1975, §6-5-482, and that the statutory tolling provision of28 U.S.C. § 1367(d) provides for the tolling of the limitations period for only 30 days after the federal district court enters its order of dismissal.
As previously noted, Duncan's injury occurred on February 18, 1999. Pursuant to § 6-5-482, Ala. Code 1975, Duncan's AMLA claims were timely filed on February 16, 2001. After Duncan amended her complaint to assert additional claims under the ADA, the entire case was removed to the federal court pursuant to 28 U.S.C. §§ 1441 and 1446. Once removal was effectuated, the state trial court was divested of jurisdiction over the underlying case and could not, in the absence of an order of remand, take any further action regarding the case. The federal removal statute is explicit on this point. See28 U.S.C. § 1446(d) (stating that after removal is effectuated, the "State court shall proceed no further unless and until the case is remanded"). The federal district court in this case did not remand the state-law claims to the state court from which they had been removed. Nor was it obliged to do so. See Williams ex rel. Williams v. City of BeverlyHills, (Ms. No. 4:04-CV-631, May 17, 2006) (E.D.Mo.2006) (not reported in F.Supp.2d) ("When a court declines to exercise supplemental jurisdiction over state law claims in a case that has been removed from state court, the court has two options: the claims may either be dismissed without prejudice or the case may be remanded to the state court from which it was removed. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988); Moses v. Banco Mortgage Co., 778 F.2d 267, 274 (5th Cir.1985).").
Once the federal court disposed of the ADA claims, it declined to exercise supplemental jurisdiction over the state AMLA claims, dismissing them without prejudice, citing28 U.S.C. § 1367(c)(3). The federal district court's order specifically stated that this "dismissal should not work to Duncan's disadvantage should she elect to bring suit in state court because the period of limitations for any of these claims is tolled during the pendency of this action. See28 U.S.C. § 1367(d)."
Section 1367(d), 28 U.S.C., specifically states:
 "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."
(Emphasis added.)
 Conclusion
The federal district court's order dated September 1, 2004, afforded Duncan the *Page 170 
opportunity to refile her case in the state court by tolling the applicable statute of limitations set forth in §6-5-482 for a period ending 30 days after the entry of the order. Specifically, Duncan had until October 1, 2004, to refile her action. See Roden v. Wright, 611 So.2d 333
(Ala. 1992) (refiled action conformed with28 U.S.C. § 1367(d), where the plaintiff refiled his claims within 17 days after the federal court's dismissal of the plaintiff's state-law claims without prejudice). Because Duncan did not refile her action in the state court within the time frame afforded by federal law and Alabama law does not provide for a longer tolling period, her subsequent attempt on August 30, 2005, to have the action reinstated is time-barred, and the trial court's order reinstating her case is contrary to the applicable statute of limitations. Consequently, the order of the trial court reinstating the case is reversed. The case is remanded for the trial court to vacate its order and to dismiss Duncan's action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
NABERS, C.J., and SEE, HARWOOD, and STUART, JJ., concur.