938 A.2d 863

**Sherri A. TURNER**

v.

**Raymond M. KIGHT, et al.**

**No. 736, Sept. Term, 2006.**

Court of Special Appeals of Maryland.

Dec. 19, 2007.

Reconsideration Denied Jan. 31, 2008.

Ralph T. Byrd, Laytonsville, for Appellant.

Patricia P. Via, Rockville, and Cynthia Peltzman, Baltimore, for Appellee.

Panel: JAMES R. EYLER, KRAUSER, LAWRENCE F. RODOWSKY, (Retired, Specially Assigned), JJ.

KRAUSER, J.

Title 28 U.S.C. § 1367 provides that the statute of limitations applicable to a state claim pending in federal court is

"tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." But, what does "tolling" mean in the context of § 1367? That is the central question posed by this appeal.

According to appellant Sherri L. Turner, § 1367 expressly suspends the pertinent statute of limitations while a state claim is pending in federal court, and, in so doing, it impliedly grants the claimant the remainder of that period plus the 30 days specified by § 1367 to file the same claim in state court after dismissal of the federal action. But appellees Montgomery County, the Montgomery County Sheriff, the Director of the Montgomery County Department of Corrections and Rehabilitation, and certain members of the Corrections Department and the Sheriff's Office, take a narrower view of "tolling" in § 1367. That provision, they argue, does not suspend the running of the statute of limitations, but only its effect. As a result, the pertinent statute of limitations continues to run during the federal action, leaving the claimant, upon its expiration, with statutory grant of 30 days from the date of the dismissal of the federal action to file suit in state court.

In determining the meaning of "tolling," we are asked to decide, in short, whether § 1367 suspends the running of the applicable state statute of limitations or merely the effect of that statute during the pendency of the federal case. If we decide that tolling suspends only the effect of such a statute, but not its advancement, we are further asked to determine whether the 30–day grace period, provided by § 1367 for filing a state action, begins to run at the conclusion of the federal district court proceedings or, if appealed, at the conclusion of the federal appellate process.

Because we conclude that § 1367 tolls the consequence, but not the progression, of a state statute of limitations, and that the 30–day period provided by § 1367 begins to run at the end of the federal district court proceedings, we shall affirm the judgment of the Circuit Court for Montgomery County dismissing the instant case as time-barred.

## Background

Since only the procedural history of this case is relevant to this appeal, we need not recount the circumstances underlying the numerous allegations of official misconduct set forth in appellant's complaint. In sum, appellant claims that she was mistreated by members of the Montgomery County Sheriff's Office and of the County's correctional department on April 21, 2000, during her arrest by the former and detention by the latter. That purported mistreatment prompted her to bring, on May 15, 2001, an action under 42 U.S.C. § 1983[1] in the United States District Court for the District of Maryland against Montgomery County, the Montgomery County Sheriff, the Director of the Montgomery County Department of Corrections and Rehabilitation, and certain members of the Corrections Department and the Sheriff's Office.[2] She maintained that her constitutional rights had been violated in the course of her arrest and detention.

To her complaint, appellant later added state common law tort claims, such as intentional infliction of emotional distress and negligence, as well as purported violations of the Maryland Declaration of Rights. Her suit was cut short, however, when the federal district court granted summary judgment in favor of the defendants as to some of appellant's federal

---

1. 42 U.S.C. § 1983 states in pertinent part:

 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

2. Specifically, the complaint named as defendants Montgomery County Sheriff Raymond M. Kight, and the following members of his office: Bruce P. Sherman; Rodney Brown, Richard Kane, Robin Lewis, William Pechnick, Eric Brown, and Brian Phillips, as well as the following employees of the Montgomery County Detention Center: Robert Andrews and Theresa L. Hicks. The complaint also named as a defendant Arthur M. Wallenstein, Director of the Correction and Rehabilitation Department.

claims, dismissed others, and then declined to exercise jurisdiction over her state claims.

On April 5, 2002, appellant moved for reconsideration by the federal district court of her federal claims but not of her state claims. On August 20, 2003, the federal district court granted that motion as to a single federal claim. But that scant victory proved short-lived, as that claim was subsequently disposed of on a motion for summary judgment. On September 2, 2003, appellant filed a second motion for reconsideration, which was denied by the federal district court on December 22, 2003.[3]

Three weeks later, on January 15, 2004, appellant noted an appeal to the United States Court of Appeals for the Fourth Circuit, challenging the lower federal court's rejection of her federal claims. Nearly one year later, on January 7, 2005, the Fourth Circuit affirmed the decision of federal district court as to each of appellant's federal claims, and, two months after that, on March 8, 2005, it denied appellant's petition for a rehearing en banc.

On March 11, 2005, three years after the federal district court declined to exercise jurisdiction over appellant's state law claims and almost five years after appellant's arrest and detention, appellant filed a complaint reasserting her state law claims in the Circuit Court for Montgomery County. Appellees responded by claiming that appellant's complaint was now barred by the applicable statute of limitations. The circuit

---

**3.** There is a difference of opinion among the parties as to when appellant's second motion for reconsideration was denied. The State claims that that motion was denied on December 10, 2003, while the County claims it was denied on December 16, 2003, and appellant maintains it was denied on December 22, 2003. The federal district court docket provided in the record extract indicates that the federal district court denied the motion on December 10, 2003, but the order denying that motion was not filed on that date. Rather, the docket indicates that it was filed on December 22, 2003. Because the precise date of that filing has no effect on the conclusions we reach in this opinion, we will assume that appellant is correct and that December 22, 2003 is the date appellant's second motion for reconsideration was denied.

court agreed with appellees and dismissed appellant's complaint as time-barred. It thereafter denied her motion for reconsideration. This appeal followed.

## Discussion

Title 28 U.S.C § 1367 states in part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action

that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

■ Thus, in accordance with § 1367, appellant's state claims were tolled while her action was pending in federal court. But what does "tolling" mean in the context of subsection (d) of that statute, the central question of this appeal? Appellant argues that it could only mean that the state three-year statute of limitations applicable to her claims was suspended during the pendency of her federal suit and that, consequently, the unspent portion of the statute's limitations period should have been tacked onto the statute's 30–day grace period in calculating whether her state claims were timely filed. Because she filed her claim in the federal district court on May 15, 2001, about one year and three weeks into the applicable statute of limitations period, she maintains that she had about one year and 49 weeks, plus the statutory 30–day grace period, to file her state claims after the dismissal of her federal suit, which, she insists, occurred on December 22, 2003, when the federal district court denied her second motion for reconsideration. Indeed, according to appellant's math, she had almost until the end of 2005 to file her state claims in the circuit court. And, since she filed her state claims on March 11, 2005, they were, she asserts, timely filed.

The United States Supreme Court has not addressed the "tolling" issue of § 1367(d) and no single interpretation of that term has emerged from those lower federal and state courts that have. But, it is fair to say that, of the few federal and state courts that have considered this question, a majority have held that § 1367(d) tolls the effect, but not the advancement, of any limitations period pertaining to state claims that are awaiting decision in federal court. *See Williams Elecs. Games, Inc. v. Garrity,* 479 F.3d 904, 907 (7th Cir.2007) ("[S]ection 1367(d) explicitly tolls the statute of limitations for 30 days after dismissal of a supplemental claim, to allow the

plaintiff to refile the claim in state court without being time-barred."); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir.2000) ("Section 1367(d) tolls the state statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal.") (quoting *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C.Cir.1995)). *See also Berke v. Buckley Broadcasting Corp.*, 359 N.J.Super. 587, 595, 821 A.2d 118 (2003) ("[T]he import of [§ 1367(d) ] is simply to toll the running of the state statute of limitations from its customary expiration date until the expiration of a thirty-day period following conclusion of the federal action, that is, to provide a thirty-day grace period."); *Harter v. Vernon*, 139 N.C.App. 85, 91, 532 S.E.2d 836 (2000) (" 'Under [§ 1367(d) ], the state period of limitations for a plaintiff's pendent state claims is tolled for a period of thirty days after the federal district court has dismissed the plaintiff's claims . . . .' ") (quoting *Estate of Fennell v. Stephenson*, 137 N.C.App. 430, 435, 528 S.E.2d 911 (2000)). Consequently, if the state limitations period expires before the federal suit is dismissed, the complainant has a statutory grace period of 30 days in which to file his state claims in state court under § 1367(d).

On the other hand, one state court has construed § 1367(d), as appellant suggests, to suspend the statute of limitations on state claims and to allow the unexpired portion to be tacked onto the 30–day grace period provided by that statute for filing state claims. *See Oleski v. Dep't of Pub. Welfare*, 822 A.2d 120, 126 (Pa.Commw.Ct.2003). And the courts of another state have lent some, albeit inconsistent, support to this thesis: While the third district of the California Courts of Appeal has held that "[t]o toll the statute of limitations period" under § 1367(d) "means to suspend the period, such that the days remaining begin to be counted after the tolling ceases[,]" *Bonifield v. County of Nevada*, 94 Cal.App.4th 298, 303, 114 Cal.Rptr.2d 207 (2001) (citing *Woods v. Young*, 53 Cal.3d 315, 326, n. 3, 279 Cal.Rptr. 613, 807 P.2d 455 (1991)), the second district has held that § 1367(d) "does not allow [a] plaintiff to 'tack' onto the limitations period the full time during which his

federal action was pending." *Kolani v. Gluska,* 64 Cal. App.4th 402, 411, 75 Cal.Rptr.2d 257 (1998). This conflict among the California appellate courts has not yet been resolved. *See Okoro v. City of Oakland,* 142 Cal.App.4th 306, 311 n. 5, 48 Cal.Rptr.3d 260 (2006) (recognizing, but declining to resolve, the conflict between the two conflicting appellate interpretations of 1367(d)).

Although there is no Maryland appellate decision addressing this issue, the Court of Appeals, in promulgating Rule 2–101(b) two years after the enactment of § 1367(d), in effect adopted the narrower interpretation of "tolling" in § 1367(d) that is favored, as noted earlier, by a majority of courts that have considered this issue. That rule provides that "if an action is filed in a United States District Court or a court of another state within the period of limitations prescribed by Maryland law and that court enters an order of dismissal ... because the court declines to exercise jurisdiction ... an action filed in a circuit court **within 30 days after the entry of the order** of dismissal shall be treated as timely filed in this State." (Emphasis added.)

Although there is no reference to § 1367 in the Rules Committee's reports concerning Rule 2–101(b), we presume that the Rules Committee, in proposing that amendment, and certainly the Court of Appeals in adopting it, was aware of § 1367. And, indeed, the 30 days that Rule 2–101(b) provides in which to file an action after the dismissal of the federal suit mirrors the 30-day grace period provided by § 1367(d). We therefore conclude that, in promulgating Rule 2–101(b), the Court of Appeals believed that that rule was consistent with the prescriptions of § 1367.[4]

▮ Since Rule 2–101(b) requires complainants to file their actions within 30 days of the federal district court's entry of

---

**4.** Although appellant argues that Rule 2–101(b) is subordinate to § 1367(d) for the purposes of the Supremacy Clause, Article VI, cl. 2, of the United States Constitution, that argument is ultimately irrelevant because the Supremacy Clause would apply only if Rule 2–101(b) conflicted with § 1367(d) by providing a shorter tolling period than that federal statute, which is not the case here.

the order of dismissal, appellant had 30 days from the dismissal of her claim in federal district court to file her state claim in state court to avoid the state statutory scythe. But she did not file her complaint in state court until March 11, 2005, which was almost three years after the federal district court's first order dismissing her state claims on March 26, 2002, and more than one year after the federal district court's denial of her second motion for reconsideration. Thus, we hold that appellant's claim in the circuit court was barred by the statute of limitations and that the circuit court did not err in dismissing her complaint.[5]

We so hold notwithstanding appellant's claim that *Christensen v. Philip Morris USA, Inc.,* 162 Md.App. 616, 875 A.2d 823 (2005), *aff'd in part, vacated in part,* 394 Md. 227, 905 A.2d 340 (2006)[6], and *Bertonazzi v. Hillman,* 241 Md. 361, 216 A.2d 723 (1966), define "tolling" as suspending the running, rather than the effect, of a statute of limitations. Indeed, *Christensen* and *Bertonazzi,* upon inspection, provide little precedential ballast for appellant's teetering position.

*Christensen* addressed the issue of "tolling" but only as to equitable tolling in the context of a class action suit. Mrs.

---

**5.** For purposes of this appeal, it does not matter, and we do not decide, whether appellant needed to file her state claims in the circuit court within 30 days of March 26, 2002 or within 30 days of December 22, 2003. Either way, her claims were barred by the statute of limitations because she did not file suit in circuit court until March 11, 2005.

**6.** The Court of Appeals vacated the portion of this Court's judgment vacating the circuit court's grant of summary judgment in favor of defendant Giant Food, LLC ("Giant") and remanding the case to the circuit court for further proceedings in light of *Benjamin v. Union Carbide,* 162 Md.App. 173, 873 A.2d 463 (2005), because it had recently granted certiorari in that case, *Georgia–Pacific v. Benjamin,* 388 Md. 404, 879 A.2d 1086 (2005), and had subsequently affirmed this Court's decision. *Georgia–Pacific Corp. v. Benjamin,* 394 Md. 59, 904 A.2d 511 (2006). The Court of Appeals therefore remanded that portion of this Court's judgment in *Christensen* to this Court with instructions to vacate the circuit court's grant of summary judgment to Giant and to remand the case to the circuit court for further proceedings in light of *Georgia–Pacific Corp.*

Christensen, individually and as the representative of her deceased husband's estate, brought a survival and wrongful death action against several cigarette manufacturers and sellers who had previously been sued in a class action by Maryland tobacco users and their families. *Christensen,* 162 Md. App. at 618–19, 875 A.2d 823. That class action had been decertified in a ruling issued by the Court of Appeals one year before Mrs. Christensen filed suit. *Id.* at 618, 621, 875 A.2d 823.

When the circuit court granted summary judgment in favor of the defendants on the grounds that Mrs. Christensen's suit was barred by the applicable statute of limitations, *id.* at 619, 875 A.2d 823, she appealed, claiming that that statute had been tolled during the pendency of the class action. *Id.* at 620, 875 A.2d 823. This Court reversed the circuit court's grant of summary judgment, holding that the commencement of the prior class action had, in fact, tolled the applicable statute of limitations. *Id.* at 659, 875 A.2d 823. Affirming that ruling, the Court of Appeals held no more than that "the pendency of a putative class action tolls the statute of limitations on the causes of action asserted in the class action complaint for the putative plaintiff class members[.]" *Christensen,* 394 Md. at 231, 905 A.2d 340. In so holding, it stressed that a statute of limitations may be equitably tolled only where "two conditions are met: (1) there is persuasive authority or persuasive policy considerations supporting the recognition of the tolling exception, and (2) recognizing the tolling exception is consistent with the generally recognized purposes for the enactment of statutes of limitations." *Id.* at 238, 905 A.2d 340.

Because the *Christensen* Court considered only the question of equitable tolling in the context of a class action suit and confined its ruling to that specific doctrine in that particular situation, *Christensen* has no applicability here. The doctrine of equitable tolling is plainly not before us. Section 1367(d) creates a statutory, not an equitable exception, to the statute of limitations. And the Court of Appeals in *Christensen* had no occasion to consider whether, when a statute of limitations

is tolled pursuant to a statute such as § 1367(d), the tolling effect of that statute suspends the running of a statute of limitations or merely its effect.

The other Maryland case appellant cites to buttress her interpretation of "tolling" in § 1367(d) is *Bertonazzi v. Hillman*, 241 Md. 361, 216 A.2d 723 (1966). In that case, the Court of Appeals held that, when an action is timely filed but in the wrong venue, the running of the statute of limitations is "interrupted" so that the claims are not time-barred when refiled in the correct circuit court. *Id.* at 366, 216 A.2d 723. But, as in *Christensen,* the holding of *Bertonazzi* was limited specifically to equitable tolling which, as we noted above, is not applicable in this case. Moreover, as this Court subsequently observed in *Smith v. Cylus,* 147 Md.App. 78, 807 A.2d 777 (2002), the *Bertonazzi* Court's holding " 'carved out a narrow exception' " that applies only to cases " 'where the sole reason for the dismissal of the prior action was improper venue [ ].' " *Id.* at 82, 807 A.2d 777 (quoting *Walko Corp. v. Burger Chef Sys., Inc.,* 281 Md. 207, 213, 378 A.2d 1100 (1977)). *Bertonazzi,* we stressed, " 'stands alone, [ ] **confined to the special circumstances which culminated in the filing of the suit in the wrong county.**' " *Id.* (quoting *Walko,* 281 Md. at 213, 378 A.2d 1100). Therefore *Bertonazzi,* like *Christensen,* is of little precedential value here.

 Furthermore, were we to interpret § 1367(d) as appellant suggests—that is, as suspending the statute of limitations during pendency of a federal action and then allowing the unexpired portion to run from the conclusion of the federal action—the provision's 30–day grace period would be rendered largely superfluous. Only in limited circumstances, where a plaintiff filed her action in federal court right at the end of the statute of limitations period, would the extra 30 days provided by § 1367(d), be of any significance. Such an interpretation would ignore a time-honored canon of statutory construction frequently cited by this Court, that is, that a statute should be construed "if at all possible, so that all parts of it are in harmony, and 'no word, clause, sentence, or phrase is ren-

dered surplusage, superfluous, meaningless, or nugatory.'" *Stanley v. Stanley,* 175 Md.App. 246, 260, 927 A.2d 40 (2007) (quoting *Dep't of Health and Mental Hygiene v. Kelly,* 397 Md. 399, 420, 918 A.2d 470 (2007)).

Having determined that § 1367(d) tolls only the effect of an applicable state statute of limitations and not its progression, we turn next to the appellant's argument that her 30–day grace period under § 1367(d) ran not from the date that her last federal claim was rejected by the federal district court, but rather from the date that the Fourth Circuit denied her motion for a rehearing en banc on March 8, 2005. In other words, the appellant argues that the 30–day grace period provided by § 1367(d) begins not at the conclusion of federal district court proceedings, but at the conclusion of the federal appellate process. Thus, the complaint she filed in state court was timely, she maintains, because it was filed only three days after the Fourth Circuit denied her en banc request.

But, as appellees point out, appellant's interpretation of the grace period is inconsistent with the plain language of both § 1367 and Rule 2–101. Reading § 1367 not as a set of discrete phrases, but "as a whole, considering the interrelationship or connection among all of its provisions," as we are required to do, *Coburn v. Coburn,* 342 Md. 244, 256, 674 A.2d 951 (1996) (citing *Vest v. Giant Food Stores, Inc.,* 329 Md. 461, 466–467, 620 A.2d 340 (1993)), we conclude that the provisions of § 1367, notably § 1367(a)[7]; § 1367(b); § 1367(c)[8]; and

---

**7.** Section 1367(a) refers only to the federal district court, stating:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the **district courts** have original jurisdiction, the **district courts** shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

§ 1367(a) (emphasis added).

**8.** Subsections (b) and (c), which are exceptions to subsection (a), also refer solely to the federal district court. Subsection (b) concerns "any civil action of which the **district courts** have original jurisdiction

§ 1367(d)⁹, clearly provide that the period of limitations is tolled for any claim over which the federal district court declined to exercise supplemental jurisdiction "while the claim is pending and for a period of 30 days after it is dismissed." § 1367(d). Similarly, Rule 2–101(b) expressly states that "if an action is filed in a **United States District Court** ... and that court enters an order of dismissal ... because the court declines to exercise jurisdiction ... an action filed in a circuit court **within 30 days after the entry of the order** of dismissal shall be treated as timely filed in this State." (Emphasis added.)

Nowhere does either § 1367(d) or Rule 2–101(b) suggest that the limitations period runs 30 days from the date that a federal appeals court disposes of the action. On the contrary, those provisions refer exclusively to the federal district court. Hence, we decline to interpret § 1367(d) to " 'reflect an intent' " which is " 'not evidenced in the plain and unambiguous language of the statute.' " *Chow v. State,* 393 Md. 431, 443, 903 A.2d 388 (2006) (quoting *Kushell v. Dept. of Natural Resources,* 385 Md. 563, 576, 870 A.2d 186 (2005)).

In any event, the only authority that appellant cites for this interpretation are two cases from other jurisdictions, *Berke v. Buckley Broadcasting Corp.,* 359 N.J.Super. 587, 595, 821 A.2d 118 (2003) and *Huang v. Ziko,* 132 N.C.App. 358, 362, 511 S.E.2d 305 (1999). And those cases are not only in conflict with Rule 2–101(b), which, as we earlier noted, reflects the Court of Appeals's interpretation of § 1367(d), but with a growing number of federal and state courts that share this

___

founded solely on [28 U.S.C. § 1332]," and subsection (c) lists the situations in which "**district courts** may decline to exercise supplemental jurisdiction over a claim under subsection (a) ...." § 1367(b), (c) (emphases added).

**9.** Section 1367(d) states: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

interpretation. *See Cousins v. Howell Corp.*, 113 F.Supp.2d 262, 274 n. 9 (D.Conn.2000) ("To the extent that the state statute of limitations may have run on this claim, 28 U.S.C. § 1367(d) provides that the period of limitations is tolled while the claim is pending in federal district court and for thirty days thereafter. . . ."); *Weinrib v. Duncan*, 962 So.2d 167, 169 (Ala.2007) ("[Section] 1367(d) provides for the tolling of the limitations period for only 30 days after the federal district court enters its order of dismissal."); *Dahl v. Eckerd Family Youth Alternatives*, 843 So.2d 956, 958 (Fla.App. 2 Dist.2003) ("When the federal district court dismissed [plaintiff's] complaint, [§ 1367(d) ] operated to toll the matter for 30 days so that she could timely file in state court.").

We further note that the commentary to § 1367(d) in the United States Code Annotated wisely advises plaintiffs that the safest route is to file their state claims in state court after their dismissal by a federal *district* court. Indeed, that commentary states in pertinent part:

The dismissal moment should be taken to be the moment of dismissal in the district court. Even if an appeal is taken to a court of appeals from the district court dismissal, the party whose claim has been dismissed under § 1367 does best to commence the state action within the prescribed time measured from the district court dismissal, and not from some later appellate affirmance of it. Perhaps, after commencing the state court action in such a situation, the plaintiff can ask the state court to stay the action—now timely commenced and pending—while the federal appeal proceeds. **This seems to be the safest course until there is a definitive federal ruling about whether the 30–day period may be measured from an appellate determination. The matter is not addressed by the statute, and anything connected with the statute of limitations must be handled conservatively.**

(Emphasis added.)

Clearly, this is not a settled issue, and "until there is a definitive federal ruling" about whether the 30–day period

**16**

"may be measured from an appellate determination," *id.*, there is certainly no basis for this Court to so hold.

 **JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**