Filed 1/9/15  Lanois v. Employers Fire Ins. Co. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DANIEL ROLAND LANOIS et al., | B251403 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BS135774) |
| v. | |
| EMPLOYERS FIRE INSURANCE COMPANY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Rafael A. Ongkeko, Judge.  Affirmed.

Gordon & Rees, Matthew C. Elstein and George Soares; Musick, Peeler & Garrett and Matthew C. Elstein for Defendant and Appellant.

Jacobs & Jacobs and Stanley K. Jacobs for Plaintiffs and Respondents.

_____

Defendant Employers Fire Insurance Company (hereafter Employers) appeals from a judgment confirming an arbitration award and denying its petition to vacate the award. We affirm.

## BACKGROUND

This arbitration concerns a coverage dispute between Employers and its insured, plaintiff Daniel Lanois, arising out of a motorcycle accident. On June 4, 2010, Lanois was driving a motorcycle through an intersection, with plaintiff Keisha Kalfin riding as his passenger, when he swerved out of the way to avoid an oncoming sport utility vehicle (SUV) proceeding into his lane at the start of a left turn. The motorcycle struck a metal telephone box and Lanois and Kalfin flew off of the motorcycle and landed on the ground in a parking lot, each sustaining serious injuries. The insurer for the SUV driver paid Lanois and Kalfin each $25,000, the limits of the $50,000 policy.

Lanois and Kalfin (collectively referred to as "plaintiffs") demanded payment from Employers under Lanois's underinsured motorist coverage, which had a policy limit of $1 million. After plaintiffs filed a petition to compel arbitration, Employers agreed to arbitrate the dispute. The parties selected the Hon. Patricia L. Collins, retired, of ADR Services, Inc. as the arbitrator. Prior to the arbitration, the parties agreed Employers' maximum liability under Lanois's underinsured motorist coverage was $950,000—$50,000 less than the $1 million policy limit—because Lanois and Kalfin already had received $50,000, collectively, from the SUV driver's insurer.[1]

The arbitration hearing was held October 16-19, 2012. The arbitrator issued a signed "Binding Arbitration Award," dated November 8, 2012. On page 2, the arbitrator referred to this award as an "Interim Binding Arbitration Award," stating "Having

---

[1] Insurance Code section 11580.2, subdivision (p)(4), provides: "When bodily injury is caused by one or more motor vehicles, whether insured, underinsured, or uninsured, the maximum liability of the insurer providing the underinsured motorist coverage shall not exceed the insured's underinsured motorist coverage limits, less the amount paid to the insured by or for any person or organization that may be held legally liable for the injury."

considered the testimony of the witnesses, the documentary and demonstrative evidence submitted, the reasonable inferences drawn from the evidence and the arguments of counsel and governing law, the Arbitrator issues the following Interim Binding Arbitration Award." In this interim award, the arbitrator stated plaintiffs' total damages exceeded the policy limit of $1,000,000. The arbitrator awarded Lanois $687,000 in damages, and awarded Kalfin $313,000 in damages, for a total of $1,000,000. As explained above, Employers' maximum liability under the policy was $950,000.

On or about November 19, 2012, Employers filed with the arbitrator an application for correction of the award under Code of Civil Procedure section 1284.[2] Employers contended the arbitrator exceed her powers by awarding plaintiffs $50,000 more than they were entitled to under the policy. The arbitrator did not rule on Employers' application for correction.

On or about December 5, 2012, plaintiffs filed with the arbitrator a motion for cost-of-proof sanctions based on what they characterized as Employers' "unreasonable denial" of their requests for admissions. The arbitrator denied this opposed motion in the signed "Final Binding Arbitration Award," dated January 17, 2013.

In the final award, the arbitrator stated plaintiffs' total damages exceeded the policy limit of $950,000. The arbitrator awarded Lanois $662,000 in damages, and awarded Kalfin $288,000 in damages, for a total of $950,000. The arbitrator also stated Employers must pay each plaintiff interest on his/her damages award "at the legal rate accruing from November 8, 2012." The arbitrator further required Employers to pay plaintiffs "the sanctions previously imposed on September 19, 2012 in the amount of $2362.50."

On January 31, 2013, Employers filed in superior court a petition to vacate the November 8, 2012 Binding Arbitration Award. Employers argued, among other grounds

---

[2] Code of Civil Procedure section 1284 provides, in pertinent part: "The arbitrators, upon written application of a party to the arbitration, may correct the award upon any of the grounds set forth in subdivisions (a) and (c) of Section 1286.6 not later than 30 days after service of a signed copy of the award on the applicant."

3

not reasserted on appeal, that the arbitrator exceeded her authority "by issuing an award in excess of the stipulated limit, then refusing to correct the award within the time limit set forth by the Code [of Civil Procedure], then issuing a late correction of the award in the form of a 'Final Binding Arbitration Award' in which she arbitrarily reduced [plaintiff]s' future general damages [by $50,000], then awarding interest from the date of the original Binding Arbitration Award."

On February 4, 2013, plaintiffs filed in superior court a petition to confirm the January 17, 2013 Final Binding Arbitration Award.

On June 4, 2013, the trial court held oral argument on the petitions and denied Employers' petition to vacate the interim arbitration award and granted plaintiffs' petition to confirm the final arbitration award. On or about June 18, 2013, Employers filed an ex parte application seeking clarification or reconsideration of the order confirming the final arbitration award. Employers argued, in pertinent part, plaintiffs were not entitled to interest on their damages because (1) "an award of interest above and beyond $950,000 exceeds the arbitrator's authority by awarding in excess of the policy limits," and (2) "interest only begins to accrue when judgment is entered." After a hearing on June 18, 2013, the court denied the opposed ex parte application.[3]

On July 9, 2013, the trial court entered judgment confirming the final arbitration award, awarding Lanois "the sum of $662,000 together with interest at the legal rate accruing from November 8, 2012 and costs to be determined by the court," and awarding Kalfin "the sum of $288,000 together with interest at the legal rate accruing from November 8, 2012 and costs to be determined by the court."

## DISCUSSION

Employers contend the arbitrator did not have the power to correct or modify the November 8, 2012 Binding Arbitration Award to add prejudgment interest, and the January 17, 2013 Final Binding Arbitration Award was untimely. Employers also

---

[3] The record on appeal does not include a reporter's transcript from any of the hearings held in the trial court or any of the proceedings held before the arbitrator.

4

contend the arbitrator did not have the power to award prejudgment interest on top of the maximum liability of $950,000, because the award could not exceed the policy limit. Based on these contentions, Employers asserts the trial court should have vacated the arbitration award under Code of Civil Procedure section 1286.2, subdivision (a)(4), because the arbitrator "exceeded [her] powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." For the reasons set forth below, we reject Employers' contentions.

"[T]he Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.] Consequently, courts will "'indulge every intendment to give effect to such proceedings.""" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) We review the trial court's ruling on the petitions to confirm and to vacate the arbitration award de novo, but give "substantial deference [to] the arbitrator's determination of his or her contractual authority. [Citations.] All reasonable inferences must be drawn in support of the award." (*Jones v. Humanscale Corp.* (2005) 130 Cal.App.4th 401, 408.)

Citing Code of Civil Procedure section 1284 (which is quoted in footnote 2 above), Employers asserts the arbitrator only had 30 days from service of the November 8, 2012 Binding Arbitration Award to correct it. Not so. This statutory provision applies to final arbitration awards, not interim awards like the November 8, 2012 award.

Although the arbitrator expressly referred to the November 8, 2012 award as an "Interim Binding Arbitration Award" on page 2 of the award, Employers asserts the November 8, 2012 award was not an interim award because the arbitrator also stated, "This Award is intended to resolve all issues presented for resolution in this dispute whether or not expressly addressed herein," at the conclusion of the award on page 20. The record makes clear, however, the arbitrator had other matters to resolve before rendering her final award.

There is evidence in the record establishing that, on the first day of the arbitration and the last day of the arbitration, plaintiffs' counsel informed the arbitrator plaintiffs intended to file a motion for cost-of-proof sanctions against Employers if plaintiffs

5

prevailed against Employers on liability. Accordingly, plaintiffs' counsel requested the arbitrator issue an interim award if plaintiffs prevailed.[4] Plaintiffs did prevail and the arbitrator issued an interim award on November 8, 2012. In accordance with their prior notice to the arbitrator and Employers, plaintiffs filed a motion for cost-of-proof sanctions on or about December 5, 2012. There is nothing in the record indicating Employers objected to the arbitrator deciding plaintiffs' motion on the ground the arbitrator already had issued a final arbitration award and no longer had power to decide additional issues. Instead, Employers opposed the motion on the merits, the arbitrator denied the motion, and incorporated her ruling on the motion in her January 17, 2013 Final Binding Arbitration Award.

In the final award, the arbitrator reduced plaintiffs' damages by $25,000 each so as not to exceed Employers' maximum liability of $950,000, as stipulated by the parties. The arbitrator also stated plaintiffs were awarded prejudgment interest from November 8, 2012. Employers has cited no authority indicating the arbitrator was without power to make these modifications to her interim award and issue a final award, which was the award subject to confirmation, correction or vacation under Code of Civil Procedure section 1285.

Turning to Employers' challenge to the award of prejudgment interest, Employers argues plaintiffs' damages plus prejudgment interest could not exceed the policy limit of $950,000. Employers' cites no authority supporting this argument.[5]

As discussed above, under Insurance Code section 11580.2, subdivision (p)(4), Employers' "maximum liability" to plaintiffs could not exceed the limits of Lanois's underinsured motorist coverage less the amount paid to plaintiffs by the SUV driver's

---

[4] These facts regarding notice of the motion for cost-of-proof sanctions are set forth in the declaration of plaintiffs' counsel in support of plaintiffs' opposition to Employers' petition to vacate the arbitration award.

[5] On appeal, Employers does not argue the arbitrator lacked the power to award prejudgment interest under Civil Code section 3287 to the extent the damages award plus prejudgment interest did not exceed $950,000.

insurer, or $950,000.  Prior to the arbitration, the parties agreed the maximum liability the arbitrator could award in favor of plaintiffs and against Employers was $950,000.  In the final award, the arbitrator awarded Lanois $662,000 in damages, and awarded Kalfin $288,000 in damages, for a total of $950,000.  The damages do not exceed Employers' maximum liability under the policy.

In *Pilimai v. Farmers Ins. Exchange Co.* (2006) 39 Cal.4th 133, 137, the California Supreme Court held "the 'maximum liability' provision of Insurance Code section 11580.2, subdivision (p)(4) does not preclude recovery of costs under Code of Civil Procedure section 998 that, added to the arbitration award, exceed the coverage limits."  The Court reasoned, "it is not clear that Insurance Code section 11580.2(p)(4)'s maximum liability provision applies to costs imposed on an insurance company through its behavior as a litigant, specifically its failure to settle, rather than damages assessed against it as a liability insurer." (*Id*. at p. 145.)

Here, in her final award, the arbitrator determined plaintiffs' total damages exceeded the policy limit of $950,000, but awarded plaintiffs $950,000 because Employers' maximum liability could not exceed that amount.  The arbitrator also awarded plaintiffs prejudgment interest from November 8, 2012, the date of the interim award when the arbitrator made its determination Employers was liable to plaintiffs for the available policy limits.  Neither Insurance Code section 11580.2, subdivision (p)(4), nor any provision in the insurance policy precludes plaintiffs' recovery of prejudgment interest because, when added to the liability damages award (which does not exceed the policy limit), plaintiffs' total recovery exceeds Employers' maximum liability under the policy.

The trial court did not err in denying Employers' petition to vacate the arbitration award and granting plaintiffs' petition to confirm the January 17, 2013 Final Binding Arbitration Award.

**DISPOSITION**

The judgment is affirmed.  Respondents are entitled to recover costs on appeal.

NOT TO BE PUBLISHED.


                                                  CHANEY, J.


We concur:


            ROTHSCHILD, P. J.


            JOHNSON, J.